## County of McDonough v. Robert Thomas.

1. SHERIFF—*Custodian of the Court House at Common Law—Appointment of Janitors.*—The care and custody of the county court house and jail are within the common law powers and duties of the sheriff. The employment of a necessary janitor to assist him is a right incident to his office and continues in him to this day.

2. SAME—*His Powers Not Curtailed by Statute.*—The first paragraph of Section 25, Chapter 34, R. S., providing that the county board shall have power " to take and have the care and custody of all the real and personal estate owned by the county," does not curtail the common law powers of the sheriff as custodian of the court house and jail.

3. STATUTORY CONSTRUCTION—*The General Rule.*—When there are two statutory provisions in apparent conflict, one general and applying to general subjects, and the other particular and applying to only one subject, the particular provision must prevail.

**Bill for an Injunction.**—Trial in the Circuit Court of McDonough County; the Hon. GEORGE W. THOMPSON, Judge, presiding. Decree for complainant; appeal by defendant. Heard in this court at the May term, 1899. Affirmed. Opinion filed September 20, 1899.

**Statement.**—The defendant in error filed a bill in the Circuit Court alleging that he is a resident and a tax payer of the county of McDonough, and the duly elected, qualified and acting sheriff of said county, and was such on and prior to the first day of April, A. D. 1898; that on the said first day of April he employed one Henry Barrett as janitor for the court house, for the term of one year, at a salary of $50 per month; that such court house consists of a basement and first and second stories above the basement; that in the basement are located a steam heating plant, coal bins, working room for the janitor, water closets for men and women; on the first floor are the offices of the county

and circuit clerks, superintendent of schools, sheriff, county treasurer and county judge; on the second floor are located the court room, grand and petit jury rooms, county surveyor's office and one room rented as an office; that such court house is located in the center of a lot of ground about 300 feet square, belonging to said county, on which grounds are walks running around said court house from each side of the court house to the public square, shade trees and a blue-grass lawn; that it is the duty of the janitor so employed by the sheriff to keep said court house properly cleaned, attend to the heating plant, keep the lawn mowed, ice and snow cleaned from the walks, and perform the usual duties of a janitor; that on the eighth day of March, 1898, the board of supervisors of said county made a contract in writing with one George G. Venard, in and by which it undertook to employ him as janitor for said court house and grounds; that complainant, as such sheriff, put said Henry Barrett in the possession of such court house and grounds as janitor, and that said Barrett is now performing the duties of janitor thereof; that on the first day of April, 1898, said Venard demanded the possession and janitorship of said court house of said Barrett, but that said Barrett refused to deliver the same or any part thereof, but still holds the same under his appointment; that said Venard has never performed any of the duties of such janitorship; that the board of supervisors of said county has authorized J. E. Lane, county clerk of said county, to issue orders monthly to said Venard for the sum of $45 each, pursuant to his said pretended employment; that said board of supervisors, through said Lane, is about to, and will, pay said Venard the sum of $45, one month's salary, and thereby divert the public money from its proper channels, and will also pay said Venard monthly, without his performing any services under such contract, although he has been ready and willing, and now is ready and willing, to perform such services. Prays for injunction restraining board of supervisors and county clerk from paying, and George G. Venard from receiving, any money by virtue of such contract; that the

contract may be set aside; general relief and process, making the county of McDonough, George G. Venard and J. E. Lane, defendants.

The bill was demurred to for want of equity. The demurrer was overruled, and the defendants electing to stand by it, a decree was entered in accordance with the prayer of the bill, setting aside the contract between the county and Venard, enjoining the county clerk from issuing orders to Venard, as directed by the board of supervisors, and enjoining Venard from exercising the functions of janitor of the court house and grounds.

Tom H. B. Camp, State's attorney, for plaintiff in error.

Each county has power to make all contracts, and do all other acts in relation to the property and concerns of the county, necessary to the exercise of its corporate powers. Starr & Curtis' Ann. Stat., Ch. 34, Sec. 24.

The county board has power to take and have the care and custody of all the real and personal estate owned by the county. Starr & Curtis' Ann. Stat., Ch. 34, Sec. 25.

It is the duty of the county board to erect and keep in repair a suitable court house, and to provide proper rooms and offices for the accommodation of the courts of record, the county board, and the various county officers. Starr & Curtis' Ann. Stat., Ch. 34, Sec. 27.

The sheriff's control of the court house is only a necessary limitation of the county board's control, occasional, temporary, and for a specific purpose which the board can not serve. Hardin v. County of Sangamon, 71 Ill. App. 115.

The control of the court house by the county board flows from the ownership of the court house by the county—the control of the sheriff from his inherent duties as the executive officer of the court—and is, in fact, only the custody of the courts themselves. Therefore there is not necessarily a conflict between sections of the statute which in the same words give the custody of the court house to both the sheriff and the county board. Dahnke v. The People, 57 Ill. App. 625; 168 Ill. 102.

SHERMAN & TUNNICLIFFS, attorneys for defendant in error.

The sheriff anciently possessed limited judicial functions (now abolished), was the conservator of the king's peace, and exercised numerous ministerial and executive functions as an officer of the crown. He constantly attended the courts within his jurisdiction, and had custody of the property and premises whereon courts were held, and was made responsible for the proper care thereof as well as the other discharge of his duties. 1 Bl. Com., Ch. 9, *340, *et seq.* and notes.

It is competent for the State legislature to impose upon him new duties growing out of public policy or convenience, but it can not strip him of his time-honored and common-law functions, and devolve them upon the incumbents of other offices, created by legislative authority. Murfree on Sheriffs, Secs. 41, 42; Dahnke v. The People, 57 Ill. App. 619.

MR. JUSTICE HARKER delivered the opinion of the court.

The only question submitted for our decision in this controversy is whether the right to employ a janitor for the county court house and jail rests with the sheriff of the county or with the county board.

The sheriff contends for the right, under the common law powers incident to his office and Section 14, Chapter 125, Rev. Stat., entitled "Sheriff," which reads as follows:

"He shall have the custody and care of the court house and jail of his county, except as otherwise provided."

The county board contends for the right under Sections 23, 24 and 25, Chapter 34, Rev. Stat., which provide that the "powers of a county as a body corporate or politic shall be exercised by a county board;" that "each county shall have power * * * to make all contracts and do all other acts in relation to the property and concerns of the county necessary to the exercise of its corporate powers," and that "the county boards of the several counties shall have power, first, to take and have the care and custody of all the real and personal estate owned by the county;

second, to manage the county funds and county business, except as otherwise provided."

We are clearly of the opinion that the care and custody of the county court house and jail fall within the common-law powers and duties of the sheriff, and that the employment of a necessary janitor to assist him was a right incident to his office. That right continues with him to-day in this State unless it has been taken from him by some constitutional or statutory provision. It is not contended that there is any constitutional provision which has that effect; and the nearest approach to it by any statutory provision is found in the first paragraph of Section 25, Chapter 34, Rev. Stat., which states that the county board shall have power " to take and have the care and custody of all the real and personal estate owned by the county." That power is contained in the general enumeration of powers given to county boards in the chapter entitled " Counties," and there is nothing in the section, nor in any other section of the chapter, showing a legislative intent to curtail the common law powers of the sheriff as custodian of the court house and jail.

In determining the question before us the paragraph quoted must be construed in connection with section 14, chapter 125, which provides that the sheriff " shall have the custody and care of the court house and jail of the county," which section, as we think, is but declaratory of the common law.

Invoking the familiar rule of construction that when there are two statutory provisions in apparent conflict, one general and applying to general subjects, and the other particular and applying to only one subject, the particular provision must prevail, it does not seem difficult to discover the legislative intention in the matter. The power of the county board as contained in the first provision relates to all the real and personal estate of the county generally, while the other provision relates to the jail and court house specifically.

The intention of the legislature not to interfere with the

common law right of the sheriff as custodian of the court house and jail, is further manifested by a provision contained in section 24 of the chapter entitled "Sheriffs," which requires him on going out of office to deliver to his successor " the possession of the court house and jail of his county."

The above views are in harmony with those of the Supreme Court as expressed in the opinion of Mr. Justice Magruder in Dahnke v. The People, 168 Ill. 102. Decree affirmed.