## County of Edgar v. John Middleton.

**1.** SHERIFFS—*Appointment of Janitors.*—The care and custody of the county court house and jail come within the common law powers and duties of the sheriff, and the employment of a necessary janitor to assist him is a right incident to his office.

Assumpsit, for services. Trial in the Circuit Court of Edgar County, on appeal from the board of supervisors; the Hon. FRANK K. DUNN, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1899. Affirmed. Opinion filed December 13, 1899.

**Statement.**—On the 2d day of December, 1896, the board of supervisors of Edgar county adopted a resolution employing appellee as janitor for the court house for one year, at a salary of $50 per month.

December 1, 1897, the board by resolution again employed appellee to perform the same services, same consideration to be paid and the term of employment to be for one year. The evidence shows that appellee at some time after the first resolution assumed and performed the duties required of him as janitor for the court house until May 1, 1898, by virtue of his employment under these resolutions. In the latter part of April, 1898, at a special term of the board of supervisors a resolution was adopted discharging appellee, and rescinding the resolution by which he had been employed. By this resolution three members of the board were named as the committee on public buildings and were instructed to employ a janitor for the court house.

After the adoption of the last resolution two of the three members of the committee on public buildings went to appellee and informed him of the action of the board, telling him he had been discharged by a resolution adopted by the board, and that his term of employment as janitor would expire May 1, 1898. The committee informed him they had employed another janitor and requested him to turn his keys and everything over to his successor.

Appellee said he would turn the keys over to the sheriff during the April meeting, 1898. Appellee knew he was going to be discharged. After he had been notified by the committee to quit and turn over his keys, the sheriff told appellee he had the right to, and would employ him as janitor at $50 per month; for him to go ahead as he had been. Appellee, relying entirely upon his employment by the sheriff, continued to perform the duties of janitor until December 5, 1898. The board refused to pay him for services rendered after May 1, 1898, the date of his discharge by the board. Appellee presented a claim against the county for $100 for his services as janitor for the months of May and June, 1898. The claim was not allowed and appellee took his claim by appeal to the Circuit Court. At the meeting of the board in September, 1898, appellee presented a bill against the county for $100 for his services as engineer, for the months of July and August, 1898. This claim was not allowed, and like the others, was taken by appeal to the Circuit Court. These claims against the county both came up for trial at the November term, 1898, of the Edgar Circuit Court, and by agreement of the parties were tried as one case, the evidence being the same in each case. The cases were tried by the court, a jury being waived. The court gave judgment for the plaintiff for the sum of $100 in each case.

H. S. TANNER, attorney for appellant.

J. W. HOWELL, F. W. DUNDAS and J. E. DYAS, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

The services for which appellee's claim was filed, were performed under an employment by the sheriff of the county. No question is raised as to the contract of employment being reasonable, and the only one discussed is whether the authority to employ a janitor for the court house rests with the sheriff or the board of supervisors. In behalf of appellant it is contended that the authority rests exclu-

sively with the board, and such contention is based upon the third paragraph of section 24, and the first and second paragraphs of Section 25 of Chapter 34 of the Revised Statutes, Hurd's Revision of 1898. The first paragraph mentioned provides that a county, in the exercise of its corporate authority, shall have power "To make all contracts and do all other acts in relation to the property and concerns of the county, necessary to the exercise of its corporate powers." The other paragraphs mentioned provide that the county boards of the several counties shall have power, " First, to take and have the care and custody of all the real and personal estate owned by the county." " Second, to manage the county funds and county business, except as otherwise specifically provided."

The question was considered by this court in the case of County of McDonough v. Thomas, 84 Ill. App. 408, and there decided adversely to the contention of appellant. In that case we held that the care and custody of the county court house and jail come within the common law powers and duties of the sheriff, and that the employment of a necessary janitor to assist him was a right incident to his office. We held that instead of the above quoted paragraphs taking from the sheriff that common law power, a legislative intent to the contrary was manifested by section 14 of chapter 125, entitled "Sheriffs," which provides that he shall have the custody and care of the court house and jail of the county; and section 24 of the same chapter, which provides that he shall, on going out of office, deliver possession of the court house and jail to his successor. We thought then, and think now, that our decision of the question is in harmony with the views of our Supreme Court, as expressed in the opinion of Mr. Justice Magruder in Dahnke v. The People, 168 Ill. 102.

The judgment will therefore be affirmed.