THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711
ATTORNEY GENERAL



*Overruled by*
*H-194*
*where conflicts*

April 9, 1969

Honorable Roy Pickett
County Attorney
Martin County
P. O. Box 112
Stanton, Texas   79782

Dear Mr. Pickett:

Opinion No. M-369

Re:  Whether the Commissioners
     Court may consolidate cer-
     tain constitutional funds
     with the Officer's Salary
     Fund, and related question.

        Your request for an opinion from this office, accom-
panied by an opinion prepared by you on the matter, presents two
questions, the first being whether the Commissioners Court may
consolidate the funds authorized by Article VIII, Section 9 of
the Texas Constitution.

        Prior to 1967, the law was well established that the
general fund, permanent improvement fund, jury fund and road
and bridge fund, being the four funds about which you inquire
and with which Article VIII, Section 9 of the Constitution is
concerned, could not be commingled or used for purposes other
than that for which each was raised.  To this effect, see Carrol
v. Williams,  109 Tex. 155, 202 S.W. 504 (1918), and Attorney
General's Opinions No. 0-601 (1939), No. 0-869 (1939), No. 0-931
(1939), No. 0-4763 (1942), No. 0-5422 (1943) and No. 0-6948
(1945).

        In 1967, Section 9 of Article VIII, Texas Constitution,
was amended by the addition of a sentence reading:  "Any county
may put all tax money collected by the county into one general
fund, without regard to the purpose or source of each tax."
That such amendment overruled the prior law as to commingling
the funds prescribed by Section 9 is without doubt.  An able
discussion of this amendment appears in Attorney General's
Opinion No. M-207 (1968).

        Therefore, the answer to your first question is that
Section 9, Article VIII, Texas Constitution, as amended in 1967,
clearly authorizes consolidation of the four funds about which
you have inquired.

Your second question is predicated upon an assumption that the Commissioners Court makes an election to consolidate the aforementioned constitutional funds into the general fund. After so electing, you ask, may the Commissioners Court eliminate the Officers' Salary Fund, by consolidating it with the resultant general fund of the county?

In 1935, Section 61 of Article XVI, Texas Constitution, was adopted, providing for the compensation of county officers on a salary basis. The implementing legislation passed by the Legislature, which became effective January 1, 1936, is Article 3912e, Vernon's Civil Statutes, and provides, in part:

"
. . .

"Sec. 3. . . . . the assessor and collector of taxes shall continue to collect and retain for the benefit of the Officers' Salary Fund or funds hereinafter provided for all fees and commissions which he is authorized under law to collect; and it shall be his duty to account for and to pay all such moneys received by him into the fund created and provided for under the provisions of this Act; . . .

"Sec. 4. In all counties of this State containing a population of less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census wherein the county or precinct officers are compensated on a salary basis under the provisions of this Act, there shall be created a fund to be known as the 'Officers' Salary Fund of _____ County, Texas.' Such fund shall be kept separate and apart from all other county funds, and shall be held and disbursed for the purpose of paying the salaries of officers and the salaries of deputies, assistants and clerks of officers who are drawing a salary . from said fund under the provisions of this Act, and to pay the authorized expenses of their offices. Such fund shall be deposited in the county depository and shall be protected to the same extent as other county funds.

"Sec. 5. It shall be the duty of all officers to charge and collect in the manner authorized by law all fees and commissions which are permitted by law to be assessed and collected for all official

service performed by them. As and when such fees are collected they shall be deposited in the Officers' Salary Fund, or funds provided in this Act. . . .

"Sec. 6. (a) In counties wherein the county officials are on a salary basis, in addition to the monies deposited in said Officers' Salary Fund or funds under the provisions of Sections 1, 3 and 5 of this Act there shall be deposited therein quarterly on the first day of January, April, July and October of each year, such sums as may be apportioned to such county under the provisions of this Act, out of the available appropriations made by the Legislature for such purposes, . . . It shall be the duty of the Comptroller of Public Accounts to annually apportion to all counties in which the county officers are to be compensated on the basis of a salary any monies, appropriated for said year for such apportionment; . . .

"(b) No officer receiving a salary shall hereafter receive any ex officio compensation; provided, however, the Commissioners' Court shall transfer from the General Fund of the county to the Officers' Salary Fund or funds of such county such funds as may be necessary to pay the salaries and other claims chargeable against the same when the monies deposited therein are insufficient to meet the claims payable therefrom.

"(c) Any monies remaining in the Officers' Salary Fund or funds of any county at the end of any fiscal year after all salaries and authorized expenses incurred against said fund for said year shall have been paid may be, by order of the Commissioners' Court, transferred to the credit of the General Fund of the county." (Emphasis added.)

Quoting from Attorney General's Opinion No. C-772 (1966):

"Section 18 of Article V of the Constitution of Texas authorizes the commissioners court of a county to 'exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State . . .'

Our courts have held that this provision does not confer on commissioners courts general authority over county business, but, on the contrary, limits their authority to that conferred, expressly or by necessary implication, by the statutes or constitution. Mills County v. Lampasas County, 90 Tex. 603, 40 S.W. 403 (1897); Childress County v. State, 127 Tex. 343, 92 S.W.2d 1011 (1936); Canales v. Laughlin, 147 Tex.169, 214 S.W.2d 451 (1948); Anderson v. Wood, 137 Tex. 201, 152 S.W.2d 1084 (1941)."

Nowhere in Article 3912e, Vernon's Civil Statutes, does any authority appear which would allow the Officers' Salary Fund to be consolidated with the general fund authorized by Section 9 of Article VIII of the Texas Constitution. Indeed, it is stated in Section 4 of Article 3912e, "Such fund shall be kept separate and apart from all other county funds, and shall be held and disbursed for the purpose of paying the salaries of officers and the salaries of deputies, assistants and clerks of officers who are drawing a salary from said fund under the provisions of this Act, and to pay the authorized expenses of their offices." (Emphasis added.) The use of "shall" in the foregoing makes the provision mandatory, and directs for what purposes the fund is to be used. The necessary result of such mandatory provision is that the fund may not be used for purposes other than those directed.

Moneys may be transferred to the Officers' Salary Fund from the general fund, when the Officers' Salary Fund is depleted, so that the salaries payable therefrom can no longer be paid. Section 6(b) of Article 3912e, V.C.S. For discussion of this practice, see Attorney General's Opinions No. 0-1431 (1939), No. 0-1494 (1939) and No. 0-4844 (1942). Moneys may also be transferred under Section 6(c) of Article 3912e, wherein it is provided that, in the event a surplus in the Officers' Salary Fund exists at the end of the year, the Commissioners Court may transfer such surplus to the general fund.

In light of the express prohibition against commingling the Officers' Salary Fund with any other funds (Section 4, Article 3912e) as well as the two well defined circumstances under which there may be an interplay between the Officers' Salary Fund and the general fund, as set out in Section 6(b) and 6(c) of Article 3912e, it seems evident that the two funds can not be consolidated.

Further, the 1967 amendment of Section 9 of Article VIII, Texas Constitution, allows consolidation of the general

fund, permanent improvement fund, jury fund and road and bridge fund, but in no way indicates an intention that such provision shall apply to any funds other than those composed solely of revenues from county taxes. As the Officers' Salary Fund includes funds derived from sources other than county taxation (see Sections 1, 3, 5 and 6, Article 3912e), it necessarily follows that the Officers' Salary Fund may not be consolidated with the general fund of the county.

For the reasons stated above, it is the opinion of this office that the Commissioners Court of a county may consolidate the general fund, permanent improvement fund, road and bridge fund and jury fund into the general fund of the county, as provided for by the 1967 amendment of Section 9 of Article VIII, Texas Constitution. However, where such an election has been made, and such consolidation achieved, the Commissioners Court may not consolidate the Officers' Salary Fund with the resultant general fund.

### S U M M A R Y

The Commissioners Court of a county may consolidate the general fund, permanent improvement fund, road and bridge fund and jury fund into a county general fund, as provided for by the 1967 amendment of Section 9 of Article VIII, Texas Constitution. However, where such an election has been made, and such consolidation achieved, the Commissioners Court may not consolidate the Officers' Salary Fund with the resultant general fund of the county.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Bill Corbusier
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman
David Longoria
Ralph Rash
W. O. Shultz
Jay Floyd

W. V. GEPPERT
Staff Legal Assistant