

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

September 30, 1974

The Honorable William J. Benardino
County Attorney
Montgomery County
Conroe, Texas

Opinion No. H- 412

Re: Authority of County Health
District or Commissioners
Court over a municipal utility
district.

Dear Mr. Benardino::

You have asked our opinion on four questions regarding the powers
of the commissioners court and the Montgomery-Walker County Health
District over local municipal utility districts. It is well settled that the
powers of the commissioners court are limited to those conferred by the
Texas Constitution or statutes. <u>Anderson v. Wood</u>, 152 S. W. 2d 1084
(Tex. 1941). A health district may exercise those powers pertaining to
public health which any of its component members may exercise, § 4,
Article 4447a, V. T. C. S., and may make rules and regulations not in
conflict with city ordinances and laws of the State, § 4a (f), Article 4447a,
V. T. C. S.

Your first question is:

Can the Commissioners Court and/or the
Montgomery-Walker County Health District
force the municipal utility districts created
by the Legislature to submit their plans for
water and sewage for approval prior to or after
selling bonds for construction?

Statutory authority to approve or refuse approval of municipal
utility district project plans prior to the issuance of bonds for improve-
ments rests with the Texas Water Rights Commission. Section 54.516, Water

Code, V. T. C. S.   The Texas State Department of Health also has review and approval authority over water supply or sewage disposal system plans. Section 12, Article 4477-1, V. T. C. S.

When financial assistance for construction of treatment works is sought by a political subdivision such as a municipal utility district under Subchapters I or J, Chapter 21, Water Code, V. T. C. S., the Texas Water Quality Board has exclusive review and approval authority of plans for treatment works, and the Board's action specifically does not require the concurrence or approval of any other governmental agency.  Sections 21.606(c), (d), (e), 21.707(c), (d), (e)  Water Code, V. T. C. S.

Counties have no statutory or constitutional authority which would require their approval of such plans prior to the issuance of bonds. Neither do we find any authority for a county to require approval of such plans subsequent to the issuance of bonds.

Your second question is:

> Can the Montgomery County Commissioners Court and/or the Montgomery-Walker County Health District require that all sewage treatment facilities, sewage lines, lift stations, fresh water wells, storage facilities, pumps and water lines constructed by utility districts created by State Legislature be inspected prior to use to insure that they meet standards of quality so that their usage would not cause pollution and water-borne disease?

The Texas Water Rights Commission has authority to inspect approved improvements during construction in order to assure compliance with the approved plans.  Section 54.517, Water Code, V. T. C. S.  When state or federal financial assistance for construction of treatment works is involved, the Texas Water Quality Board may inspect the construction at any time to assure compliance with the approved plans.  Sections 21.615, 21.711, Water Code, V. T. C. S.

A local government has the same power as the Texas Water Quality Board to enter public and private property within its territorial jurisdiction to make inspection and investigations of conditions relating to water quality. Section 21.353, Water Code, V. T. C. S. A local government may inspect the public water in its area to determine whether the water meets board standards, and whether the persons discharging effluent have permits and are in compliance with permit requirements. Section 21.351, Water Code, V. T. C. S.

A local government may enforce the provisions of the Texas Water Quality Act, Chapter 21, Water Code, V. T. C. S. , and any of the rules, orders, or regulations promulated by the Texas Water Quality Board. Section 21.254, Water Code, V. T. C. S. Enforcement is by means of injunction and the Texas Water Quality Board is a necessary and indispensable party. Id.

When the construction project is within the jurisdiction of the Texas Water Rights Commission, enforcement of construction standards may be obtained by the Commission through the procedure specified in § 54.517, Water Code, V. T. C. S.

Thus, a county or health district may inspect treatment facilities to the same extent as may the Texas Water Quality Board, and may enforce statutory or Texas Water Quality Board standards by injunction. However, the county or health district has no independent regulatory authority over construction of treatment works.

Your third question is:

> If the Commissioners Court of Montgomery County were to establish county sewage and water systems, the plans for facilities as they were constructed being approved by the State Department of Health and the Texas Water Quality Board, could the Commissioners Court force the municipal utility districts created by legislative act to utilize this system to insure adequate treatment of waste-water to prevent pollution and water-borne disease?

A county has authority to establish and operate a county-wide sewage and water system and to perform water quality management functions within the county, alone, or in conjunction with cities and towns within the county, other counties, water districts or authorities, and the Texas Water Quality Board.   Attorney General Opinion M-1049 (1972).

The Texas Water Quality Board is the state agency responsible for implementation of the state's policy of encouraging and promoting the use of regional and area-wide waste collection, treatment, and diposal systems. Section 21.201, Water Code, V.T.C.S.   Since Montgomery County is within a standard metropolitan statistical area, it may be designated by the board as an area-wide system pursuant to § 21.201(b), Water Code, V.T.C.S.   When a regional or area-wide system has been designated, the board may require all waste dischargers within the area to use the system.   Section 21.204, Water Code, V.T.C.S.

However, a county, acting alone, has no authority to force municipal utility districts created under general law or by the legislature to utilize its county-wide sewage and water system.

Your fourth question is:

> If the Commissioners Court of Montgomery County
> were to create a county water and sewage facility, could
> the areas which are in the extra-territorial jurisdiction
> of home rule cities be included in the county system despite
> the objections of the cities to the inclusion of these areas?

A city has authority to regulate by ordinance plats and the subdivision of land within its extraterritorial jurisdiction.   Section 4, Article 970a, V.T.C.S.   This authority includes regulation of water supply and distribution systems.   See Swinney v. City of San Antonio, 483 S.W.2d 556 (Tex. Civ. App., San Antonio 1971, no writ).   No general law municipal utility district may be created within a city's extraterritorial jurisdiction without the city's written consent, unless the city refuses to provide the water and sewer services contemplated by the proposed district.   Section 8B, Article 970a, V.T.C.S.; Section 54.016, Water Code, V.T.C.S.

There is no authority for a county to force persons within the extraterritorial jurisdiction of a city to utilize a county water and sewage facility.

While there may be some circumstances under which a county might provide water and sewage services to an area within the extraterritorial jurisdiction of a city, as by agreement with a municipal utility district formed after the city has refused to provide services to the area, we believe that generally a city would prevail in any dispute with a county concerning provision of water and sewage services to an area within the extraterritorial jurisdiction of the city.

## SUMMARY

A county or county health district has no authority to require a municipal utility district to obtain county approval of plans for construction of water and sewage facilities.

A county or county health district may inspect a municipal utility district's water and sewage facilities, but has no independent regulatory authority over construction of such facilities.

Authority to require a municipal utility district to utilize a county water and sewage system rests with the Texas Water Quality Board, not the county.

A county has no authority to require utilization of its water and sewage system in the extraterritorial jurisdiction of a city over the objection of the city.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg