

# The Attorney General of Texas

December 13, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Wm. J. Benardino
Montgomery County Attorney
126 Courthouse
Conroe, Texas 77301

Opinion No. H- 1280

Re: Whether a county has authority to make expenditures for purpose of controlling hydrilla.

Dear Mr. Benardino:

You have requested our opinion regarding the authority of Montgomery County to make expenditures for the purpose of controlling hydrilla on Lake Conroe.

Hydrilla, which has been described as a "noxious aquatic weed," presently infests approximately 6,000 acres of Lake Conroe, more than 25 percent of its surface, and is spreading rapidly. The Texas Parks and Wildlife Department, which is by statute authorized to "contract or use the services of department personnel for the eradication of noxious vegetation from the waters of this state," has agreed to furnish the manpower and facilities to treat the infestation. Parks and Wildlife Code, § 12.010. The Commissioners Court of Montgomery County proposes to contribute a portion of the cost of chemicals. You ask whether it is empowered to do so.

It is, of course, well established that a county has only those powers which have been specifically conferred upon it by the Constitution or by statute, or which may be necessarily implied therefrom. Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948); Anderson v. Wood, 152 S.W.2d 1084, 1085 (Tex. 1941). Lake Conroe, although located in Montgomery County, is under the control of the San Jacinto River Authority. See Acts 1967, 60th Leg., ch. 547, at 1212-17. Although no statute authorizes a county to control noxious vegetation, article 4418f, V.T.C.S., empowers the commissioners court of any county

> to appropriate and expend money from the general revenues of its county for and in behalf of public health and sanitation within its county.

It has been suggested that severe hydrilla infestations pose a hazard to boats, water skiers and swimmers. If the commissioners court factually determines

that the presence of hydrilla over a significant area within the boundaries of Montgomery County constitutes a threat to "public health and sanitation," we believe it may contribute funds to its eradication. Resolution of the facts is, of course, within the commissioners court's jurisdiction and cannot be addressed in the Attorney General's opinion process.

### SUMMARY

The Commissioners Court of Montgomery County may contribute funds to the control and eradication of hydrilla on Lake Conroe if it determines that its presence within the boundaries of the county constitutes a threat to public health and sanitation within the meaning of article 4418f, V.T.C.S.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn