

# The Attorney General of Texas

**MARK WHITE**
Attorney General

November 21, 1980

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Joe Resweber
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Opinion No. MW-274

Re: Whether Harris County can maintain a fishing pier extending into another county

Dear Mr. Resweber:

You have asked whether Harris County can expend funds to repair and maintain a fishing pier extending out from Harris County's Sylvan Beach Park over the public waters of Galveston Bay, which are in Chambers County. You have informed us that Harris County owns the pier. You have also advised us that the necessary federal permits for maintenance of a pier over public waters have been issued by the U.S. Army Corps of Engineers, and that no agreement exists between Harris and Chambers Counties regarding the park. Inquiry is therefore limited to the authority of Harris County in the matter.

Article V, section 18 of the Texas Constitution states that the commissioners courts shall exercise "such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed." As the supreme court stated in Canales v. Laughlin, 214 S.W. 2d 451 (Tex. 1948):

> The Constitution does not confer on the commissioners courts 'general authority over the county business' and such courts can exercise only such powers as the Constitution itself or the statutes have 'specifically conferred upon them.' See Mills County v. Lampasas County, 90 Tex. 603, 606, 40 S.W. 403, 404; Anderson v. Wood, 137 Tex. 201, 203, 152 S.W. 2d 1084, 1085. While the commissioners courts have a broad discretion in exercising powers expressly conferred on them, nevertheless the legal basis for any action by any such court must be ultimately found in the Constitution or the statutes.

214 S.W. 2d at 453.

The applicable statute in this instance is article 6079e, V.T.C.S., which outlines the powers available to the county in "acquiring, improving, equipping, maintaining, financing, and operating" public parks owned by the county. V.T.C.S. art. 6079e, §2. These powers may be exercised by a specially created Board of Park Commissioners, or by the county commissioners themselves. In Harris County, the commissioners court has elected to act as the Board of Park Commissioners. The authority for maintenance and operation of county parks is set forth in section 9 of article 6079e, which provides as follows:

> Subject to the supervision of the Commissioners Court, the Board shall maintain and operate any park or parks administered by said Board, and subject to the approval of said Court, the Board shall have full and complete authority to enter into any contract, lease, or other agreement connected with or incident to or in any manner affecting the acquisition, financing, construction, equipment, maintenance, or operation of any facility or facilities located or to be located on or pertaining to any park or parks administered by the Board; and any such contract, lease, or other agreement may be for such length or period of time and upon such terms and conditions as may be prescribed therein. The Board shall also have authority to disburse and pay out moneys and funds under its control for any lawful purpose for the benefit of such park or parks.

Article 6079e, V.T.C.S., does not expressly confine the authority of Harris County to maintenance of park property within the county itself. See Attorney General Opinion H-1170 (1978) (Potter and Randall Counties may contribute to operation of park located in Potter County). Although article 6081e, V.T.C.S., limits the county's territorial jurisdiction to acquisition of park sites within county boundaries, no land acquisition is involved here. See Attorney General Opinion H-392 (1974) (authority of county to purchase land outside its territorial limits); see also Attorney General Opinion H-462 (1974); Letter Advisory No. 133 (1977) (county ownership of land outside its boundaries).

At Sylvan Beach Park, the shoreline is the boundary between Harris County and Chambers County. The pier begins at Harris County and extends for approximately 220 feet over Chambers County. The language in article 6079e appears to be a grant of broad authority for the county commissioners to enter into any contract or agreement which would be of benefit to the park, including maintenance of a fishing pier which extends into another county. The county of course must maintain sufficient control over the pier to ensure that the public purpose for this expenditure is carried out. See Tex. Const. art. III, §52; Attorney General Opinion H-413 (1974).

## SUMMARY

Harris County may maintain a park fishing pier which extends from a Harris County Park into public waters located in another county.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Amie Rodnick
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Acting Chairman
Jon Bible
Rick Gilpin
Amie Rodnick