# The Attorney General of Texas

December 27, 1984

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

iu01 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Charles D. Houston
District Attorney
155th Judicial District
P. O. Drawer 10
Bellville, Texas   77418

Opinion No. JM-270

Re:  Whether a constable may
sell computers to his county

Dear Mr. Houston:

You state that the constable-elect for a Waller County precinct owns a computer store from which Waller County and other counties have purchased computers. You ask whether he may legally continue to service the accounts he has with the county governments and whether he may legally make new sales to the counties.

We have previously issued Attorney General Opinion JM-99 (1983) which provides a partial answer to your question. It concluded that a county treasurer who owned a "right-of-way service company" could contract with his county to assist it in acquiring right of way property. The opinion pointed out the Penal Code provisions prohibiting official misconduct and the misuse of official information. Penal Code §§39.01, 39.03. Whether an officer has been guilty of conduct proscribed by these statutes is a fact question. The opinion discussed common law prohibitions against conflicts of interest and concluded that

> as long as there is no conflict of interest, self-dealing, or potential for dereliction of duties, we believe that as a general proposition, a county official or employee may contract with the county through the commissioners court for services or materials which are furnished by that county employee in his private capacity and which are separate and wholly unrelated to his official county duties.

This general conclusion has been modified by the enactment of article 988b, V.T.C.S., which became effective January 1, 1984. Acts 1983, 68th Leg., ch. 640 at 4079. Article 988b, V.T.C.S., relates to conflicts of interest by local public officials:

Section 1. In this Act:

(1) 'Local public official' means a member of the governing body or another officer, whether elected or appointed, paid or unpaid, of any district (including a school district), county, city, precinct, central appraisal district, transit authority or district, or other local governmental entity who exercises responsibilities beyond those that are advisory in nature.

. . . .

Sec. 3. (a) Except as provided by Section 5 of this Act, a local public official commits an offense if he knowingly:

(1) participates in a vote or decision on a matter involving a business entity in which the local public official has a substantial interest if it is reasonably foreseeable that an action on the matter would confer an economic benefit to the business entity involved;

(2) acts as surety for a business entity that has a contract, work, or business with the governmental entity; or

(3) acts as surety on any official bond required of an officer of the governmental entity.

(b) An offense under this section is a Class A misdemeanor.

Sec. 4. If a local public official or a person related to that official in the first or second degree by either affinity or consanguinity has a substantial interest in a business entity that would be peculiarly affected by any official action taken by the governing body, the local public official, before a vote or decision on the matter, shall file an affidavit stating the nature and extent of the interest and shall abstain from further participation in the matter. The affidavit must be filed with the official recordkeeper of the governmental entity.

Sec. 5. (a) The governing body of a governmental entity may contract for the purchase of services or personal property with a business entity in which a member of the governing body has

> a substantial interest if the business entity is
> the only business entity that provides the needed
> service or product within the jurisdiction of the
> governmental entity and is the only business
> entity that bids on the contract.
>
> (b) The governing body must take a separate
> vote on any budget item specifically dedicated to
> a contract with an entity in which a member of the
> governing body has a substantial interest and the
> affected member must abstain from that separate
> vote. The member who has complied in abstaining
> in such vote under procedures set forth in
> Sections 3 and 4 of this Act may vote on a final
> budget only after the matter in which he is
> concerned has been resolved.
>
> Sec. 6. . . . The finding by a court of a
> violation under this article does not render an
> action of the governing body voidable unless the
> measure that was the subject of an action
> involving conflict of interest would not have
> passed the governing body without the vote of the
> person who violated this article.

A constable is a precinct officer who exercises responsibilities beyond those that are advisory in nature. Tex. Const. art. V, §18; V.T.C.S. arts. 6878, 6885. He is therefore a local public official within the definition in section 1(1) of article 988b, V.T.C.S.

Section 3 states the prohibited conduct. Under the circumstances described in section 3(a)(1), a local public official may not participate in a vote or decision affecting a business in which he has a substantial interest. The prohibition expressly applies only to officers who have authority to participate in such votes or decisions for the governmental entity which they serve. Other provisions of article 988b, V.T.C.S., demonstrate that a local public official must have legal authority to decide or vote on a matter in order to violate section 3(a)(1). See sec. 5 (exception for sole bidder requires the interested officer to abstain from vote); sec. 6 (violator's participation in vote does not necessarily invalidate the contract).

The constable-elect in this case wishes to continue contracting with his county. The commissioners court is the contracting agency for the county. Anderson v. Wood, 152 S.W.2d 1084 (Tex. 1941). A constable thus does not have legal authority to vote on a county decision about its existing computer service contracts or its decision to buy a new computer. Section 3(a) therefore will not apply to the constable elect's contracts with his county.

We have found no other provision of law which would bar the constable from continuing to service the accounts he has with Waller County and other counties or from making new sales of computers to the county governments.

## S U M M A R Y

Article 988b, V.T.C.S., does not prohibit a constable from contracting with the government of the county in which his precinct is located.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Chairman
Colin Carl
Susan Garrison
Tony Guillory
Jim Moellinger
Jennifer Riggs
Nancy Sutton