Honorable Jim Weems Hockley County Attorney Hockley County Courthouse P.O. Box 11 Levelland, Texas 79336
Re: Whether a commissioners court may expend county travel funds to oppose issuance by the Alcoholic Beverage Commission of a private club permit
Dear Mr. Weems:
You ask whether
 a county commissioners court, after having duly voted on a Motion To Protest the Issuance Of A Private Club License for a private club to be located in the county over which the said commissioners court presides, acting as a governing body, may expend county funds for travel and related expenses, to go to Austin, Texas, for the purpose of protesting against the issuance of such private club license from the Alcoholic Beverage Commission.
You advise that the expenses at issue are for travel and related costs of county commissioners themselves and selected witnesses for the county.
The issuance of "private club registration permits" is governed by chapter 32 of the Alcoholic Beverage Code, which was enacted as a nonsubstantive recodification of prior law. Acts 1977, 65th Leg., ch. 194, at 391, 558. Section 32.03 thereof sets out the qualifications for permits, and section 32.04 describes applications therefor. Under section 11.43, the Alcoholic Beverage Commission has discretionary authority to grant or issue such permits; however, the commission is required by section 11.41(a) to give due consideration to the recommendations of various officials of the locality for which the license is sought. Cf. V.A.P.C. arts. 666-11, 666-12a (repealed).
Section 11.41(a) further provides:
 If a protest against the issuance of a permit is made to the commission by any of these officers and it is found on a hearing or finding of facts that the issuance of the permit would be in conflict with the provisions of this code, the commission or administrator shall enter an order setting forth the reasons for refusal.
And section 11.41(b) reads:
 (b) In the granting or withholding of a permit to sell alcoholic beverages at retail, the commission or administrator may give consideration to a recommendation made in writing by the commissioners court of the county in which the applicant proposes to conduct his business or by a representative of the commission.
Thus, personal appearances or oral testimony at the hearing is not a prerequisite to consideration by the Alcoholic Beverage Commission of the official views of the county commissioners court. Of course, in-person advocacy may prove to be a more effective method of persuasion.
The question of whether county funds may be properly expended to better advocate the county's position on such a question is not directly governed by the Alcoholic Beverage Code, but by the statutes and constitutional provisions appertaining to the powers of a county commissioners court. The Texas Constitution provides, in article V, section 18(b):
 The County Commissioners . . . with the County Judge as presiding officer, shall compose the County Commissioners Court, which shall exercise such powers and jurisdiction over all county business, as is conferred by this Constitution and the laws of the State, or as may be hereafter prescribed. (Emphasis added).
However, the Alcoholic Beverage Code (by requiring that the Alcoholic Beverage Commission give consideration to the positions of local officials) indirectly makes it clear that the matter of recommending liquor permits for establishments in a county may properly be considered "county business."
Although the legal basis for any action by a county commissioners court must be ultimately found in the constitution or the statutes, Canales v. Laughlin, 214 S.W.2d 451, 453 (Tex. 1948), where a right is conferred or obligations imposed on the commissioners court, it has a broad discretion to accomplish the purposes intended. Anderson v. Wood, 152 S.W.2d 1084 (Tex. 1941).
We are aware of no statute that specifically authorizes a county to incur travel related expenses for the purpose of opposing a proposed private club registration permit. We believe the provision authorizing the Alcoholic Beverage Commission to consider the views of county officers contemplates an opportunity to present such views effectively. If the commissioners court of Hockley County, in good faith, deems it to be in the interest of the county to expend county travel funds for the purpose of presenting those views in person or through witnesses, we cannot say it is without power to do so. V.T.C.S. arts. 2350, § 1a; 2351, subdiv. 15; 3912k. See Attorney General Opinion M-680 (1970). Cf. Pritchard Abbott v. McKenna, 350 S.W.2d 333 (Tex. 1961).
 SUMMARY
If a county commissioners court deems it to be in the interest of the county to do so, it may expend county travel funds for the purpose of opposing an application for a private club registration permit pending before the Alcoholic Beverage Commission.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Tom Green First Assistant Attorney General
 David R. Richards Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Bruce Youngblood Assistant Attorney General