

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

October 19, 1964

Honorable G. R. Close
County Attorney
Ochiltree County
Perryton, Texas

Opinion No. C-334

Re: Hospital care of indigent
patients in Ochiltree
County.

Dear Mr. Close:

You request our opinion on the above subject matter and ask the following questions:

"Specifically, my questions are as follows: (1) Can the Hospital District make payments to private hospitals within Ochiltree County, Texas for indigent care? (2) Can the Ochiltree Hospital District pay private physicians for in-patient and out-patient care of indigents in Ochiltree County, Texas? (3) Your general opinion as to the scope of responsibility and authority of the Hospital District under the existing circumstances regarding indigent care?"

You state in your request that, pursuant to Article 4494q-4, Vernon's Civil Statutes, a hospital district was created within the boundaries of Ochiltree County and a bond election has been held, approving the issuance of bonds for the construction of a hospital and the Hospital District contemplates that the construction of a hospital will be commenced within the year 1965 but it will not be operational for some time. You further state that at the present time there are no public hospitals within the boundaries of Ochiltree County and that the only hospitals presently operating within the County are two privately owned hospitals.

Section 9 of Article IX of the Constitution of Texas provides for the creation of hospital districts, and provides in part as follows:

" . . . that after its creation no other municipality or political subdivision shall have the power to levy taxes or issue bonds or other obligations for hospital purposes or for providing medical care within the boundaries of the district; . . ."

Section 13 of Article 4494q-4, Vernon's Civil Statutes, provides in part:

"Except as herein provided, no county that has been constituted a hospital district, and no city therein, shall thereafter levy any tax for hospital purposes; and such hospital district shall be deemed to have assumed full responsibility for the furnishing of medical and hospital care for the needy and indigent persons residing in said hospital district from the date that taxes are collected for the hospital district."

In view of the facts submitted in your request and the provisions of Section 13 of Article 4494q-4, above-quoted, the Hospital District assumes the same authority regarding the furnishing of medical and hospital care for the needy and indigent persons residing in the Hospital District as theretofore possessed by the Commissioners Court of Ochiltree County. Article 4438, Vernon's Civil Statutes, provides:

"If there is a regular established public hospital in the county, the commissioners court shall provide for sending the indigent sick of the county to such hospital. If more than one such hospital exists in the county, the indigent patient shall have the right to select which one of them he shall be sent to."

In Attorney General's Opinions O-2179 (1940) and O-4633 (1942), it was held that the commissioners court of a county did not have authority to pay items of hospital treatment for indigent sick to any hospital outside of the county. These conclusions were based upon the principles of law announced in Willacy County v. Valley Baptist Hospital, 29 S.W.2d 456 (Tex.Civ.App. 1930), wherein the court stated:

"The powers and duties of county commissioners' courts, and the obligations of the counties to paupers are fixed by statute, and cannot be enlarged upon by unnecessary implication. These powers and duties, in so far as applicable here are defined in and restricted by the provisions of Articles 2351 and 4438, Revised Statutes, 1925. In Article 2351 it is provided that each commissioners' court shall (subdivision 11) 'provide for the support of paupers * * * residents of their county, who

are unable to support themselves', and (subdivision 12) 'for the burial of paupers'. In Article 4438 it is provided that 'if there is a regular established public hospital in the county, the commissioners' court shall provide for sending the indigent sick * * * to such hospital'. In the latter provision, the duty and the authority of the commissioners' court to send the indigent sick to hospitals is limited to public hospitals within the county, which provision, by necessary implication excludes any duty or authority to send such persons to private hospitals, or to public hospitals without the county. Even if Barbosa was within the class defined as 'indigent sick,' the commissioners' court as a body, muchless the county judge acting singularly, was under no duty, and was denied the authority to send Barbosa to a hospital, either public or private, outside the county.

"* * *. Under the provisions of Article 4438, the county was under no duty to send Barbosa to any hospital, there being no public hospital in the county, and under the implied restrictions of this provision it is doubtful if the county could be bound by the commissioners' court, certainly not otherwise, to send him to a hospital without the county, at public expense."

Likewise, it was held in Attorney General's Opinion O-2633 (1940):

"You are therefore respectfully advised that it is the opinion of this department that if the commissioners' court determines that an indigent is a pauper it may furnish medical aid and medicines to him as such, regardless of whether or not he has been placed upon the pauper roll of the county, inasmuch as there is no statutory requirement for the making up of a county pauper roll. It is the further opinion of this department that the commissioners' court has the authority to aid 'indigent sick', who may or may not be 'paupers', by sending such 'indigent sick' to 'public' hospitals within the county. The question of 'indigency' is also a question of fact to be determined by the commissioners' court."

Hon. G. R. Close, page 4 (C-334)

In Attorney General's Opinion C-246 (1964), it was pointed-
ed out:

"Somewhat similar to the preceding ques-
tion, your sixth question also concerns the
contractual power and authority of the Com-
missioners Court of Tarrant County. As stated
in answering your first question, where a duty
is imposed or a power conferred upon a commis-
sioners court, then the commissioners court has
implied authority to exercise broad discretion
to accomplish the purposes intended. When the
commissioners courts were expressly given the
power and duty 'to provide for the support of
paupers,' by necessary implication they were
clothed with the authority to do all the inci-
dental things necessary to provide for their
support. Thus, while the commissioners court
is not under a duty to place indigents in a pri-
vate facility and pay for their care, Willacy
County v. Valley Baptist Hospital, 29 S.W.2d
456 (Tex.Civ.App. 1930), it can, in the exercise
of its discretion, provide for the care of indi-
gents whom it places in a private facility. Here,
of course, the contractual terms must not be
such as to amount to a donation by the County
to the individual or corporation providing the
care, nor can the contract provide for payments
by the County out of future revenues."

It was pointed out in Attorney General's Opinion C-246
that:

"Your first and second questions can be
answered together. Under the provisions of
Section 11, Article 2351, Vernon's Civil Stat-
utes, the Commissioners' Court has the duty to:

"'11. Provide for the support of paupers
and such idiots and lunatics as cannot be admit-
ted into the lunatic asylum, residents of their
county, who are unable to support themselves.
. . .'

"While it is true that the Commissioners'
Court is a court of limited jurisdiction, it
is also true that where a duty is imposed or a
power conferred by statute upon a commissioners
court within the boundaries of power which the
Constitution has created, then the commissioners

court has implied authority to exercise broad discretion to accomplish purposes intended by such statute. El Paso County v. Elam, 106 S.W. 2d 393 (Tex.Civ.App. 1937) Dodson v. Marshall, 118 S.W.2d 621 (Tex.Civ.App. 1938, error dism.); Anderson v. Wood, 137 Tex. 201, 152 S.W.2d 1084 (1941).

"Under the provisions of Section 11, Article 2351, a duty to provide for the support of paupers, which includes the indigent aged, is imposed upon the Commissioners Court."

In view of the foregoing, if the indigent care referred to in your request constitutes the support of paupers within the meaning of Section 11 of Article 2351, Vernon's Civil Statutes, the Hospital District, under the authority of Section 13 of Article 4494q-4, may make payments to private hospitals within Ochiltree County /Attorney General's Opinion C-246 (1964)7. If the medical care for indigents does not constitute "the support of paupers" within the meaning of Section 11 of Article 2351, the Hospital District may not make payments to private hospitals within Ochiltree County, but such care must be limited to such hospital treatment as authorized by Article 4438, Vernon's Civil Statutes, in public hospitals. Willacy County v. Valley Baptist Hospital, 29 S.W.2d 456 (Tex.Civ.App. 1930).

## SUMMARY

A hospital district created under the provisions of Article 4494q-4, Vernon's Civil Statutes, assumes the same responsibility for the medical care of indigents within said district as that previously imposed on the commissioners court under the provisions of Section 11 of Article 2351, Vernon's Civil Statutes and Article 4438, Vernon's Civil Statutes.

Yours very truly,

WAGGONER CARR
Attorney General

By _John Reeves_

John Reeves
Assistant

JR:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
Malcolm Quick
George Black
Ralph Rash

APPROVED FOR THE ATTORNEY GENERAL
By:  Roger Tyler