

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

March 4, 1968

Hon. Henry Wade
District Attorney
Dallas County
Dallas County Government
  Center
Dallas, Texas 75202

Opinion No. M- 209

Re: (1) Authority of County
    Commissioner's Court to
    prepare and sell duplicate
    copies of magnetic tape of
    names of registered voters
    of county to private entities
    for commercial purposes.

    (2) Authority of the Tax
    Assessor-Collector acting
    individually to sell copies
    of the list of registered
    voters in Dallas County,
    either complete lists or

Dear Mr. Wade:                       certain precinct lists.

        Your recent letters requesting our opinion relative to
the above captioned matters, read, in part, as follows:

        "Recently the Dallas County Commissioners
    Court passed an order accepting the offer of a
    private entity to purchase a tape of voter reg-
    istrations for the year 1968, to be delivered
    when it becomes available. A copy of said order
    is attached hereto.

        "On January 31, 1968, the County Judge asked
    this Office for an opinion as to the authority
    of the Commissioners Court to prepare and sell
    such tape. We replied to such request by fur-
    nishing the County Judge a complete copy of
    Attorney General's Opinion No. C-75 dated
    May 14, 1963, addressed to Honorable Joe
    Resweber, County Attorney of Harris County,
    together with our forwarding letter setting
    forth the provisions of Article 5.19a of the
    Election Code, which imposes the duty upon
    the Registrar to prepare such lists. Said

article also names the individuals and of-
ficials to whom the Registrar shall furnish
copies of such lists and sets out the fees
which he may collect therefor. We further
advised the Court that although the Harris
County problem involved a different type of
record and perhaps a different county official,
we felt that the same principles of law were
involved and that perhaps said Opinion No.
C-75 would sufficiently answer the question
involved here. Because of the importance of
the question and of the differences of opinion
among the various members of the Court, we
respectfully submit said question for your
opinion and advice.

"  . . ."

The Constitution of Texas declares that the Commis-
sioners Court shall exercise such powers and jurisdiction over
all county business as is conferred by the Constitution and the
laws of the State. Tex.Const., Art. V, Sec. 18.

The jurisdiction of the Commissioners Court over the
county's business is not general and all inclusive, but is limited
to matters or powers specifically covered by the Constitution and
statutes. Anderson v. Wood, 137 Tex. 201, 152 S.W.2d 1084 (1941);
15 Tex.Jur.2d 261, Counties, § 35.

In 15 Tex.Jur.2d 265, Counties, § 37, it is stated:

"The constitution declares that the com-
missioners courts shall exercise such powers
and jurisdiction over all county business as
is conferred by the constitution and the laws
of this state. Under this provision, the
powers of the commissioners court are limited
strictly to the county business. The legisla-
ture has no authority to enlarge their powers
or jurisdiction to other activities, and any
attempt to do so is void. . . ."

The Legislature has, by statute, specifically enumerated
the powers and duties of the Commissioners Court. Article 2351,
Vernon's Civil Statutes; 15 Tex.Jur.2d 262, Counties, § 35.

Since we are unable to find any constitutional or statutory
provisions which would authorize the Commissioners Court to prepare

and sell duplicate copies of magnetic tape containing names of registered voters of the county to private entities to be used for commercial purposes, you are advised that the Commissioner's Court does not have such authority.

The Constitution of Texas, in Section 14 of Article VIII, authorizes the election of a Tax Assessor-Collector for each county and provides that such Tax Assessor-Collector shall perform all duties prescribed by the Legislature. Article 5.09a of the Election Code of Texas provides that the County Tax Assessor-Collector shall be the registrar of voters for the county and that he shall be responsible for the registration of voters, the keeping of records, preparation of lists of registered voters, and such other duties incident to voter registration as are placed upon him by law.

Article 5.19a of the Election Code of Texas provides that the Tax Assessor-Collector shall prepare a certified list of registered voters and shall deliver copies of such list to certain designated persons in accordance with the provisions of said statute.

We do not find any statute authorizing a County Tax Assessor-Collector to furnish unofficial copies of the list of registered voters or prohibiting him from furnishing such a list. However, in Attorney General's Opinion V-14 (1947), this office held that in the absence of a statutory prohibition, a Tax Assessor-Collector, or his deputy, acting in his individual capacity, may retain the fee charged for the preparation of a poll tax list, compiled in off-duty hours, if the same does not interfere with the discharge of those duties imposed upon him by law. The case of Moore v. Sheppard, 144 Tex. 537, 192 S.W.2d 559 (1946), is cited as authority for that opinion. This case involved money held by the Clerks of several Courts of Civil Appeals for furnishing uncertified and unofficial copies of the opinions of their respective courts. The Supreme Court held that a clerk, at his discretion, could furnish others uncertified and unauthenticated carbon copies of court records. In this case the Supreme Court said:

> "The clerks of the courts of civil appeals are not entitled to receive extra compensation for services performed within the scope of their official duties prescribed by law. The general principle prohibiting public officials from charging fees for the performance of their official duties does not prohibit them from charging for their services for acts that they are under no obligation, under the law, to perform. . . . (192 S.W.2d 560)

Hon. Henry Wade, page 4 (M-209)

"  .  .  .

"There being no statutory duty requiring petitioners to furnish uncertified, unofficial copies of opinions of the courts of civil appeals, no statute fixing any fee for such services, and no valid statute requiring that money received therefore be deposited in the State Treasury, there is no debt owing by petitioners to the state.  .  .  ."  (192 S.W.2d 562)

Therefore, you are advised that the Tax Assessor-Collector or his deputies, acting as individuals, may sell unofficial copies of the names of registered voters to individuals or firms.

### S U M M A R Y

The Commissioners Court does not have authority to prepare and sell duplicate copies of magnetic tape, containing the names of registered voters of the county to private entities to be used for commercial purposes.

The County Tax Assessor-Collector, or his deputy, acting in his individual capacity, may sell copies of the list of registered voters, either complete lists or certain precinct lists, compiled in off-duty hours, if the same does not interfere with the discharge of those duties imposed upon him by law.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Jack Sparks
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns Taylor, Co-Chairman
W. V. Geppert
Bill Allen
John Reeves
Ralph Rash

A. J. CARUBBI, JR.
Executive Assistant