

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

May 19, 1971

*See Amendments to Arts. 24.28 and 35.27 of V.T.C.C.P. And H-125*

Hon. Herbert Middleton
County Auditor
Taylor County
Taylor County Courthouse
Abilene, Texas

Opinion No. M-863

Re: Advance of county funds to a subpoenaed out-of-State witness while he is waiting to be paid by the State.

Dear Mr. Middleton:

Your request for an opinion on the above subject matter asks the following question:

"Can the County legally advance county funds directly or indirectly to a subpoenaed witness while he is waiting to be paid by the State?"

The witness involved in your request is an out-of-State material witness in a felony case.

Article 24.28, Vernon's Code of Criminal Procedure, is the Uniform Act to Secure Attendance of Witnesses from without the State. Section 4 thereof provides in part:

"If the witness is summoned to attend and testify in this State he shall be tendered the sum of ten cents a mile for each mile by the ordinary traveled route to and from the court where the prosecution is pending and five dollars for each day that he is required to travel and attend as a witness. A witness who has appeared in accordance with the provisions of the summons shall not be required to remain within this State a longer period of time than the period mentioned in the certificate, unless otherwise ordered by the court. If such witness, after coming into this State, fails without good cause to attend and testify as directed in the summons, he shall be punished in the manner provided for the punishment of any witness who disobeys a summons issued from a court of record in this State."

It should be noted that no provision is made in this Article as to who should pay out-of-state witnesses.

Article 35.27, Texas Code of Criminal Procedure, deals with out-of-county witnesses, and Section 1 thereof explicitly provides that such out-of-county witnesses shall be paid by the State. No mention is made therein of any payment or advance by a county to such witnesses.

In Attorney General's Opinion No. C-720 (1966), this office held that the method of payment for out-of-State witnesses, pursuant to Article 24.28, supra, was to be the same as that for payment of other out-of-county witnesses, pursuant to Article 35.27, supra; in essence, that Opinion held that out-of-State witnesses were to be paid by the State.

There is no statutory authorization in either of the two foregoing Articles for a county's paying or advancing funds to out-of-State or other out-of-county witnesses.

It is a well-established rule of law that a county commissioners court is one of limited jurisdiction, and that such court has only such powers as are conferred upon it by the Constitution or statutes of this state. Section 18, Article V, Constitution of Texas; Article 2351, Vernon's Civil Statutes; Bland v. Orr, 90 Tex. 492, 39 S.W. 558 (1897); Mills v. Lampasas County, 90 Tex. 603, 40 S.W. 403 (1897); Anderson v. Wood, 137 Tex. 201, 152 S.W.2d 1084 (1941); Canales v. Laughlin, 147 Tex. 169, 214 S.W.2d 451 (1948); Starr County v. Guerra, 297 S.W.2d 379 (Tex.Civ.App. 1956, no writ); Hill v. Sterrett, 252 S.W.2d 766 (Tex.Civ.App. 1952, error ref. n.r.e.); and Von Rosenberg v. Lovett, 173 S.W. 508 (Tex.Civ.App. 1915, error ref. Consequently, a county commissioners court can have no powers by necessary implication where there is no power expressly conferred upon it to do some act from which a power can be implied.

We reaffirm the holding of Attorney General's Opinion No. C-720, supra, and hold that there is no statutory authorization for a county's paying, or advancing, witness fees to an out-of-State witness who is waiting to be paid by the State.

Since receiving your request, we have conferred with the office of the State Comptroller of Public Accounts; that office has informed us that, at the present time, there are no funds available with which to pay fees for out-of-State witnesses.

While it is true that the payment of fees to out-of-State witnesses is a legal obligation of the State of Texas, we are also

of the opinion that the amount of funds appropriated for such purposes is within the discretion of the Legislature, and that such amount is a matter for legislative determination. Attorney General's Opinions No.WW-113 (1957) and No. V-1391 (1952).

We are further of the opinion that the question of advancing fees to out-of-State witnesses, prior to the performance of their duties as witnesses, is one to be determined by the Legislature.

Your question is, therefore, answered in the negative.

### S U M M A R Y

Article 24.28, Texas Code of Criminal Procedure, contains no authorization permitting or directing the advancing of county funds to a subpoenaed out-of-State witness while such witness is waiting to be paid by the State. Accordingly, counties are not permitted to make such advances to such witnesses. Such witnesses are to receive compensation solely from the State.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Austin C. Bray, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman
Pat Bailey
Houghton Brownlee
Joseph Sharpley
Arthur Sandlin

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant