Honorable James A. Rasmussen Wichita County Attorney P.O. Box 8025 Wichita Falls, Texas 76307
Re: Whether article 988b, V.T.C.S., applies to a local public official's activities in his private capacity as the owner of an automobile garage
Dear Mr. Rasmussen:
You inquire whether article 988b, V.T.C.S., which relates to conflicts of interest of local public officials, applies to a deputy sheriff who, in his private capacity, owns and operates an automobile garage during his off-duty hours and repairs patrol vehicles of the sheriff's office. You advise us that, generally, bids are not requested for the automobile repairs and a bill for completed repairs is presented to the commissioners court for its approval. It is our opinion that article 988b does not apply to a deputy sheriff's contracts with his county.
The prohibitions provided by article 988b apply to an official who has authority to participate for his governmental entity in a vote or decision that affects a business in which the official has a substantial interest. Secs. 3(a)(1), 4, 5, 6. See Attorney General Opinion JM-270 (1984).
The commissioners court is the general business and contracting agency of a county, and it alone has authority to make contracts binding on the county, unless otherwise specifically provided by statute. Anderson v. Wood, 152 S.W.2d 1084, 1085 (Tex. 1941). See Attorney General Opinions JM-270 , JM-157 (1984). A deputy sheriff is not a member of the county's governing body and cannot contract for the county or vote on a matter pertaining to county business. He does not have legal authority to participate in a vote or decision involving a county's contract for the repair of the vehicles of the sheriff's office. See Attorney General Opinions JM-310 (1985); JM-270 (1984); MW-236 (1980).
While we conclude that the activity of a deputy sheriff which you describe would not result in a violation of article 988b, we also suggest other aspects of such activity that may warrant your attention. The County Purchasing Act, enacted by the Sixty-ninth Legislature in 1985, now provides the basic competitive bidding requirements for a county's purchase of services, equipment, goods, or other personal property under a contract that requires an expenditure in excess of $5,000. See V.T.C.S. art. 2368a.5. Section 14 of that act provides criminal penalties. See also V.T.C.S. art. 2368a.3; art. 2368a.4, § 1.
 SUMMARY
Article 988b, V.T.C.S., does not prohibit a deputy sheriff from contracting with the county through the commissioners court for services or materials which are furnished in his private capacity.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Jack Hightower First Assistant Attorney General
 Mary Keller Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Nancy Sutton Assistant Attorney General