

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas. TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

March 13, 1986

Honorable James A. Rasmussen
Wichita County Attorney
P. O. Box 8025
Wichita Falls, Texas    76307

Opinion No. JM-450

Re: Whether article 988b, V.T.C.S.,
applies to a local public official's
activities in his private capacity
as the owner of an automobile garage

Dear Mr. Rasmussen:

You inquire whether article 988b, V.T.C.S., which relates to
conflicts of interest of local public officials, applies to a deputy
sheriff who, in his private capacity, owns and operates an automobile
garage during his off-duty hours and repairs patrol vehicles of the
sheriff's office. You advise us that, generally, bids are not
requested for the automobile repairs and a bill for completed repairs
is presented to the commissioners court for its approval. It is our
opinion that article 988b does not apply to a deputy sheriff's
contracts with his county.

The prohibitions provided by article 988b apply to an official
who has authority to participate for his governmental entity in a vote
or decision that affects a business in which the official has a
substantial interest. Secs. 3(a)(1), 4, 5, 6. See Attorney General
Opinion JM-270 (1984).

The commissioners court is the general business and contracting
agency of a county, and it alone has authority to make contracts
binding on the county, unless otherwise specifically provided by
statute. Anderson v. Wood, 152 S.W.2d 1084, 1085 (Tex. 1941). See
Attorney General Opinions JM-270, JM-157 (1984). A deputy sheriff is
not a member of the county's governing body and cannot contract for
the county or vote on a matter pertaining to county business. He does
not have legal authority to participate in a vote or decision
involving a county's contract for the repair of the vehicles of the
sheriff's office. See Attorney General Opinions JM-310 (1985); JM-270
(1984); MW-236 (1980).

While we conclude that the activity of a deputy sheriff which you
describe would not result in a violation of article 988b, we also
suggest other aspects of such activity that may warrant your atten-
tion. The County Purchasing Act, enacted by the Sixty-ninth

Legislature in 1985, now provides the basic competitive bidding requirements for a county's purchase of services, equipment, goods, or other personal property under a contract that requires an expenditure in excess of $5,000.  See V.T.C.S. art. 2368a.5.  Section 14 of that act provides criminal penalties.  See also V.T.C.S. art. 2368a.3; art. 2368a.4, §1.

### S U M M A R Y

Article 988b, V.T.C.S., does not prohibit a deputy sheriff from contracting with the county through the commissioners court for services or materials which are furnished in his private capacity.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Nancy Sutton
Assistant Attorney General