OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

July 10, 2001

The Honorable Sky Sudderth
District Attorney
35th Judicial District
Brown County Courthouse
Brownwood, Texas 76801

Opinion No. JC-0395

Re: Whether a district attorney may, by contract, bind the use of county funds, and related question (RQ-0347-JC)

Dear Mr. Sudderth:

Unless a particular county officer is specifically authorized to do so by law, only a county commissioners court may enter a contract that binds the use of county funds. *See Anderson v. Wood*, 152 S.W.2d 1084, 1085 (Tex. 1941). Your predecessor in office leased a postal-meter system for fifty-one months,[1] and you indicate that the lease payments are made from county funds.[2] With fourteen months left on the lease, you wish to terminate the lease and stop making lease payments, and you ask whether you are bound by this long-term lease. *See* Request Letter, note 1, at 1. You are not bound by the lease; your predecessor in office had no authority to enter into a contract purporting to bind the expenditure of county funds.

Additionally, because the multiyear form contract your predecessor signed neither provides for levying and collecting a tax to pay the interest and to create a sinking fund nor permits the county to terminate the contract at the end of each year, it creates an unconstitutional debt. *See* TEX. CONST. art. XI, § 7; Contract attached to Request Letter, *supra* note 1, at 1. Under article XI, section 7 of the Texas Constitution, a multiyear contract requiring expenditures of county funds that is not accompanied by the levy and collection of designated taxes must allow the county to terminate the contract at the end of each year. *See* TEX. CONST. art. XI, § 7 (prohibiting county generally from incurring debt); *City of Bonham v. S.W. Sanitation, Inc.*, 871 S.W.2d 765, 768 (Tex. App.–Texarkana 1994, writ denied) (defining "debt" and indicating that multiyear contract that provides right to terminate at the end of each year does not create debt).

Soon after you took office on January 1, 2001, you discovered that your predecessor had signed, in November 1997, a fifty-one month lease for a postal-meter system. *See* Request Letter, *supra* note 1, at 1; Contract attached to Request Letter, *supra* note 1. Believing that the leased

---

[1]Letter from Honorable Sky Sudderth, 35th Judicial District Attorney, to Honorable John Cornyn, Texas Attorney General (Feb. 7, 2001) (on file with Opinion Committee) [hereinafter Request Letter].

[2]Telephone Conversation with Honorable Sky Sudderth, 35th Judicial District Attorney (May 21, 2001) [hereinafter Telephone Conversation I].

equipment exceeds your office's needs, you sought to terminate the lease with fourteen months remaining. Request Letter, *supra* note 1, at 1. The lessor did not agree to the termination. *See id.*

You accordingly ask whether a long-term lease agreement that a previous elected officeholder entered binds the current elected officeholder. *Id.* You appear to question whether, solely because your predecessor signed the contract and you have subsequently replaced him, you may terminate the agreement. We do not reach this question because we conclude the former district attorney had no authority to enter into the contract.

The contract at issue here warrants some description. It is a form contract between Pitney Bowes Credit Corporation as lessor and "Lee Haney, District Attorney Brown County" as lessee. Contract attached to Request Letter, *supra* note 1. It lists the equipment to be leased and includes a checklist for items or services that are to be included in the lease payments. *See id.* In a fill-in-the-blanks format, the contract states that the initial lease term is for "51" months, with lease payments to be paid quarterly. *Id.* Finally, the lessee acknowledges the information contained in a pre-printed paragraph, including that "[t]his form contains all applicable terms and conditions relating to the leasing of the equipment and to the provision of . . . services." *Id.* Your predecessor in office signed the contract in his capacity as district attorney. *See id.*

This office generally does not construe a contract because of the fact issues that normally accompany contract interpretation. *See* Tex. Att'y Gen. Op. Nos. JC-0032 (1999) at 4 (stating that interpreting contract is beyond this office's purview); DM-383 (1996) at 2 (same); DM-192 (1992) at 10 (same). But in this case we conclude that the contract is void as a matter of law.

The district attorney had no authority to enter into a contract requiring the expenditure of county funds. This contract was signed by the district attorney, not by or on behalf of the county commissioners court. *See id.* Furthermore, we understand that the lease payments were made from county funds allocated to the district attorney's office under section 41.107 of the Government Code.[3] Under section 41.107, a county commissioners court may "furnish . . . supplies[] and . . . other items and equipment that are necessary to carry out the official duties of the prosecuting attorney's office and may pay the expenses incident to the operation of the office." TEX. GOV'T CODE ANN. § 41.107(a) (Vernon 1988); *see also* Telephone Conversation II, *supra* note 3. Unless another county official is vested by law with the authority to enter into a contract that binds the county, only the county commissioners court may do so. *See Anderson*, 152 S.W.2d at 1085; Tex. Att'y Gen. Op. Nos. JC-0364 (2001) at 11, JC-0214 (2000) at 7. A county commissioners court may not delegate its power to contract without statutory authority to do so. *See* Tex. Att'y Gen. Op. No. JC-0100 (1999) at 2. Neither section 41.107 nor any other law applicable to district attorneys specially authorizes a district attorney to contractually bind expenditures of county funds under section 41.107. *See* TEX. GOV'T CODE ANN. § 41.107(a) (Vernon 1988); *see also* TEX. CONST. art. V, § 21 (indicating that district attorney has only those powers that legislature has delegated); TEX.

---

[3]Telephone Conversation with Honorable Sky Sudderth, 35th Judicial District Attorney (May 21, 2001) [hereinafter Telephone Conversation II].

GOV'T CODE ANN. §§ 43.121(d) (Vernon Supp. 2001) (indicating that Thirty-fifth Judicial District Attorney's specific duties are same as Brown County Attorney's duties); 45.125 (Vernon 1988) (reserving statute for Brown County Attorney); *cf.* TEX. CODE CRIM. PROC. ANN. art. 59.06(b), (c)(1), (d) (Vernon Supp. 2001) (creating forfeiture fund over which prosecutor has sole control); *id.* art. 102.007 (creating hot-check fund over which prosecutor has sole control); TEX. GOV'T CODE ANN. §§ 46.002(1), .004(a) (Vernon Supp. 2001) (directing deposit of state money for prosecutor's use). Nor does any statute authorize a commissioners court to delegate to the district attorney the commissioners court's power to bind, by contract, expenditures from county funds allocated to the prosecutor's office. *Cf.* TEX. LOC. GOV'T CODE ANN. §§ 262.001, .011, .0115 (Vernon 1999) (permitting county to delegate contracting authority in certain circumstances).

In addition, as an instrument that purports to bind the county, the contract creates a debt in violation of article XI, section 7 of the Texas Constitution. Under article XI, section 7, a county may not incur debt for any purpose "in any manner" unless the county simultaneously creates the debt and provides for levying and collecting "a sufficient tax to pay the interest thereon and provide at least two per cent . . . as a sinking fund." TEX. CONST. art. XI, § 7; *cf. id.* art. XI, § 5 (prohibiting municipality to create "debt"). With respect to the postal-meter system lease at issue here, the county has not provided for levying and collecting taxes to pay the interest and to create a sinking fund. *See* TEX. CONST. art. XI, § 7. A county that enters a multiyear contract without simultaneously providing for levying and collecting designated taxes has created a debt unless the contract gives the county a right to terminate it at the end of each year. *See City of Bonham*, 871 S.W.2d at 768. Because this formulaic, multiyear postal-meter system lease contract does not provide the county a right to terminate the agreement at the end of each year or provide for levying and collecting a tax to pay the interest and to create a sinking fund, as article XI, section 7 of the Texas Constitution requires, it is unconstitutional and invalid as a matter of law.

## S U M M A R Y

A district attorney may not enter into a multiyear contract for office equipment that requires the expenditure of county funds and that does not permit the county to terminate the contract at the end of each year. Only a county commissioners court may execute a contract that binds the county. Additionally, a multiyear contract that does not either provide for levying and collecting a tax to pay the interest and to create a sinking fund or permit the county to terminate the contract at the end of each year violates article XI, section 7 of the Texas Constitution.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General, Opinion Committee