

September 12, 2011

The Honorable Rene Guerra
Hidalgo County Criminal District Attorney
Hidalgo County Courthouse
100 North Closner, Room 303
Edinburg, Texas 78539

Opinion No. GA-0885

Re: Process to appoint a person to fill a vacancy or to serve a subsequent term as a member of a board of directors of a regional mobility authority (RQ-0955-GA)

Dear Mr. Guerra:

Chapter 370 of the Transportation Code governs the creation of a regional mobility authority ("RMA") and the appointment of board of directors members, each of whom serves for a two-year term. TEX. TRANSP. CODE ANN. §§ 370.031, .251(c)–(d) (West 2007 & Supp. 2010). You ask about the process to appoint a person to fill a vacancy to serve an unexpired term on the board, or to serve a new term once a prior term of a position on the board has expired.[1]

An RMA may be created only with the approval of the Texas Transportation Commission (the "Transportation Commission"). TEX. TRANSP. CODE ANN. § 370.031(b) (West 2007).[2] The Commission is required to adopt rules that govern the creation of RMAs and "commission approvals required by" the chapter. Id. § 370.038(a)(2). An RMA is governed by a "board of directors consisting of representatives of each county in which a transportation project of the authority is located or is proposed to be located." Id. § 370.251(a) (West Supp. 2010). Chapter 370 authorizes various persons and entities to appoint a director or directors according to particular circumstances.[3] Pertinent to your question, however, section 370.251(a) provides generally that

---

[1]See Letter from Honorable Rene Guerra, Hidalgo County Criminal District Attorney, to Honorable Greg Abbott, Attorney General of Texas at 2–3 (Mar. 16, 2011), https://www.oag.state.tx.us/opin/index_rq.shtml ("Request Letter").

[2]In chapter 370, a reference to the "'Commission' means the Texas Transportation Commission." TEX. TRANSP. CODE ANN. § 201.001(a)(1) (West 2011).

[3]See, e.g., TEX. TRANSP. CODE ANN. §§ 370.251(a) (the Governor appoints a director as presiding officer, and another director if necessary to maintain an odd number of directors on the board); 370.251(a-1) (special requirements for RMA created by a municipality); 370.251(b) (appointment authority of a commissioners court of a county that contains an operating transportation project of the RMA or a county that is subsequently added to an RMA), as amended by Act of May 28, 2011, 82d Leg., R.S., ch. 1279, § 12, 2011 Tex. Sess. Law Serv. 3565, 3570–71 (West).

> [t]he commissioners court of each county that initially forms the authority shall appoint at least two directors to the board. Additional directors may be appointed to the board at the time of initial formation by agreement of the counties creating the authority to ensure fair representation of political subdivisions in the counties of the authority that will be affected by a transportation project of the authority, provided that the number of directors must be an odd number.

*Id.* Under section 370.251(j), the Transportation Commission "may refuse to authorize the creation of an authority if the commission determines that the proposed board will not fairly represent political subdivisions in the counties of the authority that will be affected by the creation of the authority." *Id.* § 370.251(j).

To create an RMA, the Transportation Commission's rules require one or more counties to file a petition that includes, among other things, "the representation criteria and the appointment process for board members." 43 TEX. ADMIN. CODE § 26.11(a)(6) (2011) (Tex. Dep't of Transp., Petition). You inform us that the Transportation Commission has approved an amended petition to create the Hidalgo County Regional Mobility Authority (the "Authority"), which states that the initial board of directors will consist of seven directors, and that six of the members will be appointed from specified areas and municipalities of Hidalgo County (the "County"). Request Letter at 1.

You ask generally about the process for appointing successor directors. *Id.* at 2–3. Section 370.251(e) provides that the "appointing authority" appoints a successor director to serve out an unexpired term. TEX. TRANSP. CODE ANN. § 370.251(e) (West Supp. 2010). The section does not address the selection of successor directors to serve a subsequent term. *Id.* § 370.251(c). However, the statute must be construed as authorizing the appointment of successor directors for subsequent terms, because it would be unreasonable for the entire board of directors to become vacant after the initial term. *See id.* § 370.331 (West 2007) (providing that an RMA may not be dissolved without following specified procedure).

Furthermore, in reading the section as a whole, it appears that the person or entity who initially appointed a director also appoints the director's successor. An RMA's "additional directors," who are appointed "to ensure fair representation," are appointed by agreement of the counties that created the authority. *Id.* § 370.251(a) (West Supp. 2010).[4] Because the RMA at issue in this opinion is a single-county RMA, the single county's commissioners court is the "appointing authority" authorized to appoint the successors to the "additional directors." The commissioners

---

[4]The 2011 amendment to section 370.251(b) provides that a director for a subsequently added county or from a county of an authority that contains an operating transportation project shall be appointed "by a process unanimously agreed to by the commissioners courts of all the counties of the authority." Act of May 28, 2011, 82d Leg., R.S., ch. 1279, § 12, 2011 Tex. Sess. Law Serv. 3565, 3570–71 (West).

court's appointment authority remains the same whether the successor is appointed to fill a new term or an unexpired term.

You ask specifically whether the County must use the same representation criteria provided in its petition to create the Authority when the commissioners court appoints a successor director to fill a vacancy or to serve a new term. Request Letter at 2. Under the Transportation Commission's Rule 26.11, a statement about representation criteria must be included in a petition seeking to establish an RMA. 43 TEX. ADMIN. CODE § 26.11(a)(6) (2011) (Tex. Dep't of Transp., Petition). However, the plain text of Rule 26.11 does not specifically require the stated criteria to be used for any other purpose. The Transportation Commission's order approving RMA petitions "establish[es], consistent with Transportation Code § 370.251, the *initial size* of the board." *Id.* § 26.14(a)(2) (emphasis added). These rules implement Transportation Code section 370.251's representational fairness provisions. Like Rule 26.11, promulgated by the Transportation Commission, section 370.251 of the Transportation Code specifically refers to the creation or formation of an RMA or the addition of a county to an existing RMA. TEX. TRANSP. CODE ANN. § 370.251(a), (j) (West Supp. 2010). No other statute or rule requires that the same representation criteria set forth in a petition to create an RMA necessarily applies to successor directors appointed to oversee an RMA. Thus, while courts generally defer to a state agency's interpretation of its own rules,[5] we do not construe chapter 370 or the Transportation Commission's rules implementing that chapter to require a county to use the initial representation criteria set forth in the petition creating an RMA when the commissioners court appoints successor directors.

That being the case, you ask next what process the County should follow to choose new representation criteria and amend the appointment process. Request Letter at 2. Because the commissioners court has the duty to appoint successor directors, the process it must follow is a matter for the county commissioners court to decide. *See Anderson v. Wood*, 152 S.W.2d 1084, 1085 (Tex. 1941) ("Where a right is conferred or obligation imposed on [a commissioners] court, it has implied authority to exercise a broad discretion to accomplish the purposes intended.").

You ask further whether the Transportation Commission must approve the County's appointment process and representation criteria to appoint successor directors. Request Letter at 2. Chapter 370 requires the Transportation Commission to approve a request or petition to (1) create an RMA or (2) allow another county to become a part of an existing RMA and, in either case, the Transportation Commission may deny the petition or request on the grounds of representational fairness. TEX. TRANSP. CODE ANN. §§ 370.031(a), .0315(a)(2) (West 2007), 370.251(j) (West Supp. 2010). The Transportation Commission's Rule 26.11 likewise concerns only the petition to create an RMA. 43 TEX. ADMIN. CODE § 26.11 (2011) (Tex. Dep't of Transp., Petition). Neither chapter 370 nor the Transportation Commission's administrative rule expressly requires the Transportation

---

[5]*TGS-NOPEC Geophysical Co. v. Combs*, 340 S.W.3d 432, 438 (Tex. 2011).

Commission to approve the county's appointment of successor directors.[6] Thus, we conclude that the County is not required to seek Transportation Commission approval of its appointment process and representation criteria to appoint successor directors.

Finally, you ask what factors the County should take into consideration when determining representation criteria. Request Letter at 3. Eligibility requirements limit the choice of director to a person who is a resident of Texas and of a county within the geographic area of the authority. TEX. TRANSP. CODE ANN. § 370.251(a–1)(2), (g)(2) (West Supp. 2010). Also, chapter 370 as a whole suggests that fair representation of political subdivisions in a county participating in an RMA is intended not only for the appointment of initial directors, but for subsequent appointments. *See id.* §§ 370.0315(a)(2) (West 2007), 370.251(a) (West Supp. 2010); *see Lamar Homes, Inc. v. Mid-Continent Cas. Co.*, 242 S.W.3d 1, 19 (Tex. 2007) (stating that courts "consider [a] statute as a whole and construe it in a manner which harmonizes all of its various provisions"). However, no statute or rule states what factors a county must consider to achieve fair representation of political subdivisions. Accordingly, we believe that the factors to consider when determining fair representation criteria to appoint a successor director are also matters for the county commissioners court to decide in the first instance.

---

[6]We note that the Transportation Commission has proposed new Rule 26.17 for adoption to clarify aspects of the selection process after the initial board has been appointed:

§ 26.17. Board Membership after Commission Approval.

(a) After the commission approves the composition and appointment method of the board of an RMA under § 26.13 or § 26.16 of this subchapter (relating to Approval and Alternate Board Composition and Method of Appointment, respectively) and the RMA has been created and the initial board members have been appointed, the representation criteria and appointment process for the RMA's board members may be revised by the governing body of each county that is a member of the RMA or the city that created the RMA.

(b) A revision under subsection (a) of this section is not subject to review or approval of the commission.

(c) After the appointment of the initial board members, an appointment to an RMA's board is not subject to review or approval of the commission.

36 TEX. REG. 5832 (2011) (to be codified at 43 TEX. ADMIN. CODE § 26.17) (proposed Sept. 9, 2011) (Tex. Dep't of Transp.).

## S U M M A R Y

While courts generally defer to a state agency's interpretation of its own rules, we do not interpret chapter 370 of the Transportation Code or the Transportation Commission's rules implementing that chapter to require a county to use the same representation criteria that it used to select a regional mobility authority's initial directors when the county appoints successor directors. Such a county is not required to seek the Texas Transportation Commission's approval to establish its process and representation criteria for appointing successor directors.

The process for appointing successor directors and the factors that should be considered to ensure fair representation of political subdivisions in a single-county regional mobility authority is a matter for the commissioners court of the county to determine in the first instance.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee