

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

April 13, 2012

Mr. Steven C. McCraw, Director
Texas Department of Public Safety
Post Office Box 4087
Austin, Texas 78773-0001

The Honorable Tommy Williams
Chair, Committee on Transportation and
    Homeland Security
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0917

Re: Authority of the Department of Public Safety to contract with a county tax assessor-collector to perform its duties relating to the issuance of driver's licenses and personal identification certificates (RQ-1002-GA)

Dear Director McCraw and Senator Williams:

Each of you ask about the authority of the Department of Public Safety (the "DPS") to contract with a county tax assessor-collector to perform its duties relating to the issuance of driver's licenses and personal identification certificates and, conversely, about the authority of a county to participate in such a program.[1] The specific proposal at issue here involves a proposed interlocal contract between the DPS and Montgomery County. DPS Request at 1; Williams Request at 1.

Section 791.011 of the Government Code authorizes a local government to enter into an interlocal contract with, inter alia, a "state agency" such as the DPS.[2] TEX. GOV'T CODE ANN. § 791.011(a), (b)(1) (West Supp. 2011). An interlocal contract is limited to the provision of "a governmental function or service that each party to the contract is authorized to perform individually." Id. § 791.011(c)(2). Thus, unless both governmental entities that would be parties to the proposed contract are specifically and individually authorized to perform the contract, the Government Code does not authorize the governmental entities to enter into the contract.

---

[1]Letters from Mr. Steven C. McCraw, Dir., Tex. Dep't of Pub. Safety (Oct. 11, 2011) ("DPS Request") & Honorable Tommy Williams, Chair, Comm. on Transp. & Homeland Sec., Tex. Senate (Nov. 8, 2011) ("Williams Request"), to Honorable Greg Abbott, Tex. Att'y Gen., http://www.texasattorneygeneral.gov/opin.

[2]For purposes of section 791.011, the word "agency" includes "[a] department, board, bureau, commission, court, office, authority, council, or institution of state government." TEX. GOV'T CODE ANN. § 771.002(1)(A) (West Supp. 2011).

Title 7 of the Transportation Code contains the statutes that govern the licensing process for "Vehicles and Traffic." More precisely, subtitle B of title 7 governs "Driver's Licenses and Personal Identification Cards," and chapter 521 specifically governs "Driver's Licenses and Certificates." Subtitle B defines "department" as "the Department of Public Safety," i.e., the DPS. TEX. TRANSP. CODE ANN. § 521.001(1-a) (West Supp. 2011). Because chapter 521 grants only to that Department the authority to issue driver's licenses, the DPS is the sole entity that is statutorily authorized to issue driver's licenses. *See id.* § 521.181 (West 2007) ("On payment of the required fee, the [DPS] shall issue to each qualifying applicant a driver's license of the class for which the applicant has applied."). We are aware of no other statutory provision granting other agencies authority to issue driver's licenses, and no briefing submitted to this office indicates that such a statute exists. Likewise, the DPS is the only entity permitted to issue personal identification certificates. *See id.* § 521.101(a) (West Supp. 2011) ("The [DPS] shall issue personal identification certificates.").

As your request letters explain, the DPS is required to "implement its duties under [chapter 521] in the manner that provides the greatest convenience to the public." *Id.* § 521.002 (West 2007); *see* DPS Request at 1, Williams Request at 2. Thus, it is asked whether this provision authorizes the DPS to enter into an interlocal contract wherein the Department would delegate its licensing authority to counties or county officials. *See* DPS Request at 1; Williams Request at 2. We need not address whether section 521.002 is sufficient to grant the DPS the authority to enter into such a contract because the Legislature has not authorized either a county or a county official to issue driver's licenses or personal identification certificates. *See In re Entergy Corp.*, 142 S.W.3d 316, 322 (Tex. 2004) ("administrative agencies . . . may exercise only those powers the law confers upon them in clear and express statutory language and those reasonably necessary to fulfill a function or perform a duty that the Legislature has expressly placed with the agency"). Because the validity of an interlocal contract depends upon the power of *each* party to perform the contract, and in this case, counties and county officials are not statutorily authorized to issue driver's licenses or personal identification certificates, the contract inquired about in your request letters is not currently authorized by law.

As Senator Williams's request letter explains, county tax assessor-collectors are tasked with performing "numerous actions related to the operation of motor vehicles." Williams Letter at 2. However, unlike the proposed contract addressed in your request letters, the motor vehicle duties of a county tax assessor-collector were specifically prescribed by the Legislature when it enacted subtitle A of title 7 of the Transportation Code, which governs "Certificates of Title and Registration of Vehicles." TEX. TRANSP. CODE ANN. §§ 501.001–502.492 (West 2007 & Supp. 2011). Under chapter 502, which is titled "Registration of Vehicles," the county tax assessor-collector's role in the vehicle registration process is specifically authorized by statute. *Id.* § 502.040(b) (West Supp. 2011). Subsection 502.040(b)(1) describes, in relevant part, the means by which a vehicle shall be registered:

> (b)     The application must be accompanied by personal identification as determined by [Texas Department of Motor Vehicles] rule and made in a manner prescribed by the department:

(1)    through *the county assessor-collector* of the county
in which the owner resides; or[3]

*Id.* § 502.040(b)(1) (emphasis added). Furthermore, in contrast to the statutory authority of the DPS to fulfill its licensing duties "in a manner that provides the greatest convenience to the public," the Legislature specifically granted to the Department of Motor Vehicles [the "DMV"] the authority to "adopt rules to administer" chapter 502. *Id.* § 502.0021(a). In addition, the DMV is not only authorized to involve county tax assessor-collectors in the vehicle registration process, the DMV is statutorily required to "post forms on the Internet and provide each county assessor-collector with a sufficient supply of any necessary forms on request. *Id.* § 502.0021(b).

Unlike the statutory authority specifically granted to the DMV to delegate to a county tax assessor-collector the registration of motor vehicles, nothing in the Transportation Code authorizes the DPS to delegate the issuance or renewal of driver's licenses or personal identification certificates to a county tax assessor-collector. State agencies created by statute do not have unlimited authority. Rather, a state agency has only those powers that are specifically granted by the Legislature or that may be reasonably implied therefrom. *In re Entergy Corp.*, 142 S.W.3d at 322.

Similarly, no statute authorizes a county tax assessor-collector to enter into an interlocal agreement with the DPS that would allow the county tax assessor-collector to issue driver's licenses or personal identification certificates. Unless county officials have that requisite statutory authority, only a county commissioners court is empowered to enter into an interlocal agreement on the county's behalf. *Anderson v. Wood*, 152 S.W.2d 1084, 1085 (Tex. 1941) (a commissioners' court is "the general business and contracting agency of the county, and it alone has authority to make contracts binding on the county, unless otherwise specifically provided by statute").[4] However, no statute permits a commissioners court to enter into an interlocal agreement with the DPS that would involve the issuance of driver's licenses. A commissioners court "may exercise only those powers expressly given by either the Texas Constitution or the Legislature." *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 28 (Tex. 2003). Furthermore, we are aware of no other express or implied authority under Texas law, and no such statute has been provided in briefing to this office, that would authorize a county to participate in such a program. While the Legislature could authorize county tax assessor-collectors and the DPS to establish the program, just as it did when chapter 502 of the Transportation Code was enacted, it has not done so.

Thus, under current Texas law, the DPS is not authorized to contract with a county tax assessor-collector to perform its duties relating to the issuance of driver's licenses and personal identification certificates. Similarly, existing law does not authorize counties to participate in this kind of program. Because the DPS lacks the authority to establish the program referenced in the Director's first two questions, it is not necessary to address his third question.

---

[3]Subdivision (2) describes the application process in a county that has been declared by the Governor as a disaster area. TEX. TRANSP. CODE ANN. § 502.040(b)(2) (West Supp. 2011).

[4]In *Anderson v. Wood*, the court declared that "a sheriff has no authority to make contracts that are binding on the county, except where he is specially so authorized to do so by statute." *Anderson*, 152 S.W.2d at 1085.

## S U M M A R Y

The Department of Public Safety lacks statutory authority to contract with a county tax assessor-collector to perform its duties relating to the issuance of driver's licenses and personal identification certificates. Similarly, counties lack statutory authorization to participate in such a program.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

JASON BOATRIGHT
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee