OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

August 10, 1999

The Honorable Susan D. Reed
Criminal District Attorney
Bexar County Justice Center
300 Dolorosa, Fifth Floor
San Antonio, Texas 78205-3030

Opinion No. JC-0089

Re:   Authority of county to expend public funds
to retain registered lobbyist   (RQ-0024)

Dear Ms. Reed:

        You ask whether a county may use public funds to pay a registered lobbyist to communicate with legislators in order to influence legislation. We conclude that section 305.026 of the Government Code provides statutory authority for the county to do so.

        Chapter 305 of the Government Code, entitled Registration of Lobbyists, declares that:

> [t]o preserve and maintain the integrity of the legislative and administrative processes, it is necessary to disclose publicly and regularly the identity, expenditures, and activities of certain persons who, by direct communication with government officers, engage in efforts to persuade members of the legislative or executive branch to take specific actions.

TEX. GOV'T CODE ANN. § 305.001 (Vernon 1998). To that end, certain persons engaged, generally for compensation, in attempting to influence legislation are required to register with the Texas Ethics Commission, see id. §§ 305.002(10), .003, and to file with the Commission verified reports of their activities and expenditures in this regard. Id. § 305.006.

        Section 305.026 of the Government Code prohibits anyone other than a registered lobbyist or a resident of a legislator's district from communicating for compensation with that legislator in order to influence legislation on behalf of a political subdivision:

> Public funds available to a political subdivision may not be used to compensate or reimburse the expenses over $50 of any person for the purpose of communicating directly with a member of the legislative branch to influence legislation, unless the person being compensated or reimbursed resides in the district of the member with whom the person communicates or files a written statement with the

> commission that includes the person's name, the amount of compensation or reimbursement, and the name of the affected political subdivision.

*Id.* § 305.026(a). Section 305.026(b) specifically includes counties within the definition of political subdivision. *See id.* § 305.026(b)(2).

You ask in effect whether section 305.026 provides specific statutory authority for a commissioners court to pay a registered lobbyist to lobby the legislature on the county's behalf. *See* Letter from Honorable Susan D. Reed, Bexar County Criminal District Attorney, to Honorable John Cornyn, Texas Attorney General (Feb. 17, 1999). As you note, the Texas Ethics Commission has taken the view that "[t]he fact that section 305.026 restricts the use of public funds to pay a lobbyist unless certain conditions are met implies that it is permissible to use political subdivision funds to be [sic] a lobbyist when those conditions are met." *See* Letter from Sarah Woelk, Director of Advisory Opinions and Education, Texas Ethics Commission, to Mr. Don Adams, Adams & Adams (Sept. 30, 1998) (letters on file with Opinion Committee). The Commission, however, also opines that constitutional questions concerning the matter are the province of this office. *Id.*

The constitutional question is essentially a question of authority. Unlike a home-rule city, a county has only the powers conferred by the Texas Constitution or by statute. *See* TEX. CONST. art. V, § 18; *Canales v. Laughlin*, 214 S.W.2d 451, 453 (Tex. 1948). Such powers may be conferred expressly or by necessary implication. *See Anderson v. Wood*, 152 S.W.2d 1084, 1085 (Tex. 1941). The question therefore is whether section 305.026 grants the commissioners court authority to hire a registered lobbyist.

We conclude that it does by necessary implication. As we have noted, the section specifically includes counties within the definition of "political subdivision." Were we to conclude that because the provision is couched in negative rather than positive terms the section did not authorize counties to engage lobbyists, that inclusion would be surplusage. Moreover, the legislative history you cite to us, particularly the argument in the floor report that "[i]t would be unreasonable to deprive public entities of the same access that private companies have, when they have the public interest in mind," certainly suggests that the legislature viewed the section as granting political subdivisions the authority to hire lobbyists. HOUSE COMM. ON STATE AFFAIRS, BILL ANALYSIS, Tex. Comm. Substitute S.B. 1, 72d Leg., R.S. (1991). Accordingly, we view section 305.026 as granting counties the authority to hire registered lobbyists.

## S U M M A R Y

Section 305.026 of the Government Code authorizes a county
to expend public funds to retain the services of a registered lobbyist.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee