

## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

February 2, 2005

The Honorable Richard J. Miller
Bell County Attorney
Post Office Box 1127
Belton, Texas 76513

Opinion No. GA-0301

Re: Whether Health and Safety Code section 691.023(b) prohibits a commissioners court from adopting an order authorizing cremation as a means of disposing of the remains of a deceased pauper (RQ-0263-GA)

Dear Mr. Miller:

You ask whether Health and Safety Code section 691.023(b) prohibits a commissioners court "from adopting an order authorizing cremation as a means of disposing of a [deceased] pauper's remains."[1]

The commissioners court of a county must provide for the disposition of a deceased pauper's remains pursuant to Health and Safety Code section 694.002. This provision states as follows:

> (a) The commissioners court of each county shall provide for the disposition of the body of a deceased pauper. The commissioners court may adopt rules to implement this section.

> (b) The commissioners court shall consider any information, including the religious affiliation of the deceased pauper, provided by a person listed in Section 711.002(a).

TEX. HEALTH & SAFETY CODE ANN. § 694.002 (Vernon 2003). *See id.* § 711.002(a) (person designated in written instrument signed by decedent or certain relatives).

You point out that section 694.002 does not define "disposition." *See* Request Letter, *supra* note 1, at 1. This office has, however, construed section 694.002 as authorizing a commissioners court to dispose of paupers' remains by burial, by donating the body to a medical facility, or by cremation. *See* Tex. Att'y Gen. Op. No. JC-0228 (2000) at 5 (citing legislative history). *See also*

---

[1]Letter from Honorable Richard J. Miller, Bell County Attorney, to Honorable Greg Abbott, Texas Attorney General, at 2 (Aug. 20, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

Tex. Att'y Gen. Op. No. GA-0235 (2004) at 2. A county may specify by rule how it normally will determine the manner of disposition. *See* TEX. HEALTH & SAFETY CODE ANN. § 694.002(a) (Vernon 2003); *see also* Tex. Att'y Gen. Op. Nos. GA-0235 (2004) at 4, JC-0228 (2000) at 5.

You note that the attorney general opinions construing section 694.002 to authorize cremation of deceased paupers' remains do not address Health and Safety Code section 691.023. *See* Request Letter, *supra* note 1, at 1. Health and Safety Code chapter 691 establishes the Anatomical Board of the State of Texas and authorizes it to distribute dead bodies to various persons and educational institutions for dissection and other scientific purposes. *See* TEX. HEALTH & SAFETY CODE ANN. §§ 691.022, .030, .033 (Vernon Supp. 2004). Section 691.023(a) requires an officer, employee, or representative of the state or a political subdivision " having charge or control of a body . . . required to be buried at public expense" to notify the board of the body's existence and deliver the body in accordance with the board's direction. *Id.* § 691.023(a) (Vernon 2003). Section 691.023(b) provides as follows:

> If the board does not require a political subdivision or agency of the political subdivision to deliver a body under this section, the political subdivision shall pay all costs of preparation for burial, including costs of embalming.

*Id.* § 691.023(b).

The Anatomical Board (the board) has advised you that it is no longer accepting paupers' bodies from counties because there is an adequate supply from voluntary donations. *See* Request Letter, *supra* note 1, at 2. You ask whether section 691.023(b) prohibits the commissioners court from adopting an order authorizing cremation of a pauper's remains. *See id.*

We begin by affirming the conclusion of Attorney General Opinion JC-0228 that section 694.002 authorizes a commissioners court to dispose of paupers' remains by burial, by donating the body to a medical facility, or by cremation. *See* Tex. Att'y Gen. Op. No. JC-0228 (2000) at 5; *accord* Tex. Att'y Gen. Op. No. GA-0235 (2004) at 2. When the legislature imposes an obligation on the commissioners court, the court has "implied authority to exercise the power necessary to accomplish its assigned duty." *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 28 (Tex. 2003); *Anderson v. Wood*, 152 S.W.2d 1084, 1085 (Tex. 1941). Thus, a commissioners court has implied authority under section 694.002 to exercise the powers necessary to "provide for the disposition of the body of a deceased pauper," and may accomplish this duty by donation, cremation, or burial of the remains. *See* TEX. HEALTH & SAFETY CODE ANN. § 694.002(a) (Vernon 2003). The legislative history of the 1999 enactment that adopted the present language of section 694.002(a) supports this conclusion. *See* Act of May 19, 1999, 76th Leg., R.S., ch. 929, § 1, 1999 Tex. Gen. Laws 3663 (House Bill 2301). *See also Hearings on Tex. H.B. 2301 Before the Senate Comm. on Intergovernmental Relations*, 76th Leg., R.S. (May 5, 1999) (statement of Senate sponsor Senator Moncrief that the bill gives the commissioners court the option to dispose of a deceased pauper's body by donation, cremation, or burial).

Your question suggests that Health and Safety Code section 694.002 is inconsistent with section 691.023, which requires a political subdivision to "pay all costs of preparation for *burial*, including costs of embalming," if the Anatomical Board does not require the political subdivision to deliver a body in accordance with its directions. TEX. HEALTH AND SAFETY CODE ANN. § 691.023(b) (Vernon 2003) (emphasis added). The courts will, if possible, construe statutes to harmonize with each other. *See La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 565 (Tex. 1984); Tex. Att'y Gen. Op. No. GA-0262 (2004) at 5.

In applying this rule to the statutes under consideration, we note that section 691.023 does not expressly require a pauper's body to be buried. Instead, this provision assumes that the body will be buried and requires the political subdivision to pay the related costs. When the predecessor of section 691.023 was adopted in 1961, a commissioners court had long been required to bury paupers' remains. *See* Act of Aug. 2, 1961, 57th Leg., 1st C.S., ch. 36, § 1, 1961 Tex. Gen. Laws 147, 149 (adopting former article 4584, Revised Civil Statutes, now codified in various sections of Health and Safety Code chapter 691), Act approved July 22, 1876, 15th Leg., R.S., ch. 45, § 4, 1876 Tex. Gen. Laws 51, 52 (commissioners court shall provide for burial of paupers); *see also* Tex. Att'y Gen. Op. No. WW-1150 (1961) at 1 (quoting former article 2351, section 12 of the Revised Civil Statutes requiring commissioners court to provide for the burial of paupers). The predecessor of section 691.023 also required the Anatomical Board to pay "all costs of transportation and/or preparation for burial or transportation" when the board required a political subdivision to deliver a pauper's body to it. Act of Aug. 2, 1961, 57th Leg., 1st C.S., ch. 36, § 1, 1961 Tex. Gen. Laws 147, 149. Thus, the predecessor of section 691.023 incidentally referred to "burial" as the usual disposition of paupers' remains, but its actual purpose was to establish responsibility for paying the costs of preparing a body for burial. We harmonize Health and Safety Code section 694.002 with section 691.023 by concluding that the former provision authorizes a commissioners court to provide for the disposition of a pauper's remains by donation, cremation, or burial. If the Anatomical Board does not require delivery of a pauper's body, section 691.023 requires the commissioners court to pay certain costs of preparing the body for disposition.

Even if the two sections were determined to be irreconcilable, section 694.002 would prevail as the statute latest in date of enactment. *See* TEX. GOV'T CODE ANN. § 311.025(a) (Vernon 1998) ("[I]f statutes enacted at the same or different sessions of the legislature are irreconcilable, the statute latest in date of enactment prevails."). Sections 691.023 and 694.002 were both included in the 1989 recodification of statutes relating to health and safety enacted as the Health and Safety Code. *See* Act of May 18, 1989, 71st Leg., R.S., ch. 678, § 1, 1989 Tex. Gen. Laws 2230, 2990, 3000. While section 691.023 has not been amended since it was codified in the Health and Safety Code, section 694.002 has been amended twice since its codification. In 1991, the legislature conformed section 694.002 to a 1989 amendment to its predecessor statute. *See* Act of March 21, 1991, 72d Leg., R.S., ch. 14, § 211, 1991 Tex. Gen. Laws 42, 190. *See also* Act of May 28, 1989, 71st Leg., R.S., ch. 937, § 1, 1989 Tex. Gen. Laws 4001, 4002 (amending former article 2351f, section 12, Revised Civil Statutes relating to interment or cremation of paupers). The legislature amended section 694.002 in 1999 to adopt its present language. *See* Act of May 19, 1999, 76th Leg., R.S., ch. 929, § 1, 1999 Tex. Gen. Laws 3663. Section 694.002 governs a commissioners court's duty to provide for the disposition of a deceased pauper's remains, despite any apparently inconsistent language in section 691.023.

Accordingly, section 694.002 authorizes a commissioners court to dispose of paupers' remains by donation, cremation, or burial and allows a county to specify by rule how it normally will determine the manner of disposition. Health and Safety Code section 691.023(b) does not prohibit a commissioners court from adopting an order authorizing cremation to dispose of a pauper's remains.

## S U M M A R Y

Health and Safety Code section 694.002 authorizes a commissioners court to dispose of a pauper's remains by donation, cremation, or burial and allows a county to specify by rule how it normally will determine the manner of disposition. Health and Safety Code section 691.023(b) requires a county to pay the costs of preparing a pauper's remains for disposition if the remains are not needed by the State Anatomical Board and does not prohibit a commissioners court from adopting an order authorizing cremation to dispose of a pauper's remains.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General, Opinion Committee