

# KEN PAXTON
ATTORNEY GENERAL OF TEXAS

December 21, 2015

The Honorable Val J. Varley
Red River District and County Attorney
400 North Walnut Street
Clarksville, Texas 75426-4012

Opinion No. KP-0054

Re: Whether the common-law doctrine of incompatibility prohibits simultaneous service as a county sheriff and a member of the board of trustees of a school district (RQ-0036-KP)

Dear Mr. Varley:

On behalf of the Clarksville Independent School District (the "District"), you ask whether an individual may serve as a member of the District's Board of Trustees while simultaneously serving as the Red River County Sheriff (the "Sheriff").[1] You state that a member of the District's board has been appointed to fill the vacant office of the Sheriff. *See* Request Letter at 1. You direct our attention to a previous attorney general opinion, GA-0328, which concluded that a sheriff may not serve as a school district trustee, and seek our opinion due to differing circumstances. *See id.* at 3; *see also* Tex. Att'y Gen. Op. No. GA-0328 (2005). You tell us that while the geographic territories of the District and Red River County (the "County") overlap, no close working relationship exists between the Sheriff and the District as it did in GA-0328. *See* Request Letter at 1–3. You suggest that this difference is significant enough to warrant a conclusion that a person may simultaneously hold the two positions. *See id.* at 3–4.

The common-law doctrine of incompatibility comprises three aspects: self-appointment, self-employment, and conflicting loyalties. *See* Tex. Att'y Gen. Op. No. KP-0023 (2015) at 1. Self-appointment incompatibility derives from the Texas Supreme Court, which said that "[i]t is because of the obvious incompatibility of being both a member of a body making the appointment and an appointee of that body that the courts have . . . declared that all officers who have the appointing power are disqualified for appointment to the offices to which they may appoint." *Ehlinger v. Clark*, 8 S.W.2d 666, 674 (Tex. 1928). Self-employment incompatibility prohibits a person from holding both an office and an employment that the office supervises. *See* Tex. Att'y Gen. Op. No. GA-0536 (2007) at 4 (stating that "the key aspect of self-employment incompatibility is supervision"). Accepting your assertion that neither office at issue here appoints nor employs the other, we examine your question under the conflicting-loyalties incompatibility analysis. *See* Tex. Att'y Gen. Op. No. KP-0023 (2015) at 1–2.

---

[1]*See* Request Letter from Honorable Val J. Varley, Red River Dist. & Cty. Att'y, to Honorable Ken Paxton, Tex. Att'y Gen. at 1 (July 7, 2015), https://www.texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

A Texas court first described conflicting-loyalties incompatibility in the case of *Thomas v. Abernathy County Line Independent School District*, 290 S.W. 152 (Tex. Comm'n App. 1927, judgm't adopted), in which the court held the offices of school trustee and city alderman to be incompatible. *Id.* at 153. The court said that

> there are in the city council or board of aldermen various directory or supervisory powers exertable in respect to school property located within the city or town and in respect to the duties of school trustee performable within its limits—e.g., there might well arise a conflict of discretion or duty in respect to health, quarantine, sanitary, and fire prevention regulations. If the same person could be a school trustee and a member of the city council or board of aldermen at the same time, school policies, in many important respects, would be subject to direction of the council or aldermen instead of to that of the trustees.

*Id.* (citations omitted). In determining whether two offices are incompatible, "the crucial question is whether the occupancy of both offices by the same person is detrimental to the public interest or whether the performance of the duties of one interferes with the performance of those of the other." *State ex rel. Hill v. Pirtle*, 887 S.W.2d 921, 930 (Tex. Crim. App. 1994). Conflicting-loyalties incompatibility applies only when the two positions are both officers. *See* Tex. Att'y Gen. Op. No. GA-0393 (2006) at 3; *see also Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955) (stating that a person is an "officer" if "any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others"). This office has previously determined that the positions of school district trustee and sheriff are public offices under *Aldine. See* Tex. Att'y Gen. Op. Nos. GA-1083 (2014) at 2 (school trustee), GA-0393 (2006) at 4 n.5 (sheriff).

In instances in which the respective jurisdictions of the two offices overlap, there is an increased risk that an officer's loyalty and duties to one entity will interfere with his or her loyalty and duties to the other. *See generally* Tex. Att'y Gen. Op. Nos. JC-0339 (2001) at 3, JM-203 (1984) at 10. Thus, when overlapping jurisdictions have authority to contract with each other or each have taxing authority, this office has usually concluded that the dual service is prohibited. *See* Tex. Att'y Gen. Op. Nos. GA-0786 (2010) at 4–5 (overlapping contracting authority), GA-0032 (2003) at 5 (overlapping taxing authority). A school district has general contracting authority. *See* TEX. EDUC. CODE § 11.1511(c)(4) (authorizing a school district to enter into contracts as authorized by law). Contracts for the county are generally entered into by the commissioners court while a sheriff has only limited contracting authority. *See Anderson v. Wood*, 152 S.W.2d 1084, 1085 (Tex. 1941) (recognizing that the commissioners court "alone has authority to make contracts binding on the county" and that the sheriff has only that contracting authority expressly conferred by statute). With the Sheriff's limited contracting authority, little potential exists for a contract between the District and the Sheriff. *See* TEX. GOV'T CODE § 511.012(b) (authorizing agreements between sheriffs regarding the transferring and receiving of prisoners); TEX. LOC. GOV'T CODE § 351.0415 (authorizing a sheriff to contract with a person to operate a jail commissary). And though a school district may impose a tax, a sheriff may not. *See* TEX. EDUC. CODE § 11.1511(b)(8) (authorizing school district board to adopt tax rate); TEX. TAX

CODE § 1.04(12) (identifying school districts and counties as taxing units). Thus, there is no concern here about overlapping taxation authority. Accordingly, the fact that the Sheriff serves territory that overlaps with the District's jurisdiction is not determinative, and we consider the duties of the two positions.

You tell us there is "little interaction" between the offices of a district board trustee and the Sheriff. Request Letter at 3. You state that the Sheriff "does not operate on the [District] campus in any official capacity." *Id.* You also state that any report involving criminal activity is dealt with by the school resource officer, who is provided by the Clarksville Police Department. *See id.* at 1, 3. You inform us that if the school resource officer determines that charges should be filed, they are referred not to the Sheriff but to the Clarksville Police Department, which serves as the primary point of contact for law enforcement matters. *See id.* 3–4. Because the Clarksville Police Department and its school resource officer perform the law enforcement duties with respect to the District, the potential for conflicting interests that may arise from an individual serving as a District school trustee and the Sheriff is remote. Accordingly, under the facts you describe, a court would likely conclude that the doctrine of conflicting-loyalties incompatibility does not prohibit the dual service you describe.

## S U M M A R Y

A court would likely conclude that, under the facts you describe, the common-law doctrine of incompatibility does not prohibit an individual's simultaneous service as the Red River County Sheriff and as a board trustee of the Clarksville Independent School District.

Very truly yours,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

BRANTLEY STARR
Deputy Attorney General for Legal Counsel

VIRGINIA K. HOELSCHER
Chair, Opinion Committee

CHARLOTTE M. HARPER
Assistant Attorney General, Opinion Committee